## MICHELLE ESKIN *v.* DENNIS CASTIGLIA
### (SC 16203)

McDonald, C. J., and Norcott, Palmer, Sullivan and Vertefeuille, Js.

Argued March 15—officially released July 4, 2000

*James V. Somers*, with whom, on the brief, was *Jodie R. Small*, for the appellant (defendant).

*William F. Gallagher*, with whom, on the brief, were *Barbara L. Cox* and *Mark Goodman*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The dispositive issue in this appeal is whether, pursuant to General Statutes § 52-102b,[1] an

[1] General Statutes § 52-102b provides: "Addition of person as defendant for apportionment of liability purposes. (a) A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint. The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under section 52-572h.

"(b) The apportionment complaint shall be equivalent in all respects to an original writ, summons and complaint, except that it shall include the docket number assigned to the original action and no new entry fee shall be imposed. The apportionment defendant shall have available to him all remedies available to an original defendant including the right to assert defenses, set-offs or counterclaims against any party. If the apportionment complaint is served within the time period specified in subsection (a) of this section, no statute of limitation or repose shall be a defense or bar to such claim for apportionment, except that, if the action against the defendant who instituted the apportionment complaint pursuant to subsection (a) of this section is subject to such a defense or bar, the apportionment defendant may plead such a defense or bar to any claim brought by the plaintiff directly against the apportionment defendant pursuant to subsection (d) of this section.

apportionment complaint seeking to add a person who may be liable to the plaintiff under General Statutes § 52-572h,[2] may be filed against an unidentified person. The plaintiff, Michelle Eskin, brought a negligence action against the defendant, Dennis Castiglia, to

"(c) No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h. If a defendant claims that the negligence of any person, who was not made a party to the action, was a proximate cause of the plaintiff's injuries or damage and the plaintiff has previously settled or released the plaintiff's claims against such person, then a defendant may cause such person's liability to be apportioned by filing a notice specifically identifying such person by name and last known address and the fact that the plaintiff's claims against such person have been settled or released. Such notice shall also set forth the factual basis of the defendant's claim that the negligence of such person was a proximate cause of the plaintiff's injuries or damages. No such notice shall be required if such person with whom the plaintiff settled or whom the plaintiff released was previously a party to the action.

"(d) Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint.

"(e) When a counterclaim is asserted against a plaintiff, he may cause a person not a party to the action to be brought in as an apportionment defendant under circumstances which under this section would entitle a defendant to do so.

"(f) This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action.

"(g) In no event shall any proportionate share of negligence determined pursuant to subsection (f) of section 52-572h attributable to an apportionment defendant against whom the plaintiff did not assert a claim be reallocated under subsection (g) of said section. Such proportionate share of negligence shall, however, be included in or added to the combined negligence of the person or persons against whom the plaintiff seeks recovery, including persons with whom the plaintiff settled or whom the plaintiff released under subsection (n) of section 52-572h, when comparing any negligence of the plaintiff to other parties and persons under subsection (b) of said section."

[2] General Statutes § 52-572h provides in relevant part: "Negligence actions. Doctrines applicable. Liability of multiple tortfeasors for damages. . . .

"(c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the

recover for injuries sustained in an automobile accident. The defendant appeals from the trial court's judgment in favor of the plaintiff on the defendant's apportionment complaint against an unidentified operator of a motor vehicle. The defendant alleges that this unidentified operator's negligent conduct was a substantial factor in causing the plaintiff's personal injuries. We conclude that an apportionment complaint may not be filed against an unidentified person. Accordingly, we affirm the trial court's judgment.

negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.

"(d) The proportionate share of damages for which each party is liable is calculated by multiplying the recoverable economic damages and the recoverable noneconomic damages by a fraction in which the numerator is the party's percentage of negligence, which percentage shall be determined pursuant to subsection (f) of this section, and the denominator is the total of the percentages of negligence, which percentages shall be determined pursuant to subsection (f) of this section, to be attributable to all parties whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section. Any percentage of negligence attributable to the claimant shall not be included in the denominator of the fraction. . . .

"(f) The jury or, if there is no jury, the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of fact necessary for the court to specify recoverable economic damages and recoverable noneconomic damages; (4) the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section; and (5) the percentage of such negligence attributable to the claimant.

\* \* \*

"(n) A release, settlement or similar agreement entered into by a claimant and a person discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section."

Public Acts 1999, No. 99-69, § 1, made a technical amendment to subsection (c) not relevant to this appeal. For convenience, we refer to the current

The record reveals the following relevant facts and procedural history. This case arises from a March 9, 1994 motor vehicle accident on the Boston Post Road (Post Road) in Fairfield. The plaintiff was a passenger in a motor vehicle operated by Kimberly Rumsey-Hill[3] that was traveling westbound on the Post Road. The defendant was operating his motor vehicle on the east-bound side of the Post Road and desired to make a left turn, across the westbound side of the road and into a parking lot. The defendant alleges that, at the same time and place, another person, who was driving a Jeep Cherokee, but whose identity remains unknown to the parties, was attempting to make a left turn from the westbound side of the Post Road, across the eastbound side. The defendant further alleges that this unidentified driver waved to the defendant, indicating that he could go ahead and make his left turn. The defendant alleges that, in response, he began to turn. While attempting to complete his left turn, the defendant's vehicle collided with the vehicle in which the plaintiff was a passenger.

On February 28, 1996, the plaintiff filed a one count complaint against the defendant, alleging that the defendant's negligence in the operation of his motor vehicle was the proximate cause of various "injuries and damages" that she had suffered. Thereafter, the defendant served Rumsey-Hill with an apportionment complaint, claiming therein that her negligence was the proximate cause of the collision. The defendant then filed with the trial court a "motion for instructions regarding ser-

revision of § 52-572h throughout this opinion.

[3] Kimberly Rumsey-Hill is referred to in the record as "Kimberly Hill," "Kimberly Rumsey" and "Kimberly Rumsey-Hill." For purposes of clarity, we refer to her as Rumsey-Hill throughout this opinion.

vice of process under General Statutes § 52-68"[4] on the unidentified driver. The unopposed motion for instructions claimed that the defendant intended to serve "Jane Doe," the unidentified driver, with an apportionment complaint that the defendant attached to his motion. In response, the trial court, *Karazin, J.,* in an order signed by the judge's assistant clerk, "grant[ed] permission to serve [the unidentified driver] with process by publication in the Connecticut Post two times on or before [July 31, 1996]."[5]

[4] General Statutes § 52-68 provides: "Notice to nonresident adverse or interested parties and interested parties unknown to plaintiff. (a) The Superior Court, and the judges, clerks and assistant clerks thereof, may, except where it is otherwise specially provided by law, make such order as is deemed reasonable, in regard to the notice which shall be given of the institution or pendency of all complaints, writs of error and appeals from probate, which may be brought to or pending in the Superior Court, when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding.

"(b) Such notice, having been given and proved by the affidavit of the officer who served the notice or by other competent evidence, shall be deemed sufficient service and notice, and the court may proceed to a hearing, unless otherwise provided by law, or may order further notice as it deems reasonable."

[5] The notice that appeared in the Connecticut Post provided in relevant part: "Notice to Jane Doe. To the individual who, on March 9, 1994 at approximately 3:27 p.m., was operating a Jeep Cherokee traveling westbound on the Boston Post Road in Fairfield, Connecticut approaching the intersection of Ruane Street where a collision occurred between an Infinity Sedan and a Ford Taurus.

"The original defendant in the case, Dennis Castiglia, has named you as an apportionment defendant in this action. In the original action, the plaintiff seeks money damages from the original defendant . . . in a complaint returnable to the Stamford Superior Court on April 2, 1996.

"During the pendency of that action the original defendant . . . served a writ, summons and complaint asking that you and one other apportionment defendant be added so that liability may be apportioned among the parties in accordance with [§] 52-572h . . . and with [Public Acts 1995, No. 95-111, § 1, now codified at § 52-102b].

"Now, therefore, take notice that the writ, summons and complaint for apportionment has been filed in this case asking that damages be apportioned in accordance with [§] 52-572h . . . and that your portion of liability

Subsequently, the plaintiff filed a motion to strike the defendant's apportionment complaint against the unknown driver on the ground that naming an "unknown, fictitious person" as an apportionment defendant violated § 52-102b. The trial court, *Nadeau, J.*, granted the plaintiff's motion to strike. Thereafter, the trial court, *Rush, J.*, rendered judgment in favor of the plaintiff on the apportionment complaint filed against the unknown driver. The defendant appealed from the trial court's judgment to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The plaintiff argues that § 52-102b, the statute governing apportionment procedure in negligence actions, does not authorize the filing of an apportionment complaint against an unidentified person. The defendant argues that Connecticut law allows the filing of such a complaint. We agree with the plaintiff.

"The standard of review of a trial court's granting of a motion to strike is well established. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on [a motion to strike] is plenary. . . . In an appeal from the granting of a motion to strike, we must read the allegations of the complaint generously to sustain its viability, if possible . . . . We must, therefore, take the facts to be those alleged in the complaint that has been stricken

to the plaintiff be determined and that the plaintiff's damages award be reduced commensurate with your portion of that liability in accordance with law.

"To respond to this apportionment complaint you must appear before the Superior Court for the Judicial District of Stamford/Norwalk at Stamford on or before the second day after the above referenced return date.

"Said appearance need not be in person, but can be made by you or your attorney filing a written statement of appearance with the Clerk of the Court whose address is 123 Hoyt Street, Stamford, Connecticut. Failure to appear in this action may result in the entry of a default judgment against you. . . ."

and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Sherwood* v. *Danbury Hospital*, 252 Conn. 193, 212–13, 746 A.2d 730 (2000).

The issue presented by this appeal requires us to construe § 52-102b. "According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Coelho* v. *ITT Hartford*, 251 Conn. 106, 110, 752 A.2d 1063 (1999).

We begin our analysis with the text of § 52-102b. General Statutes § 52-102b (a) provides in relevant part: "A defendant in any civil action to which section 52-572h[6] applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . . The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under section 52-572h."

Thus, by its plain language, § 52-102b (a) requires the serving of a writ, summons and complaint upon a person with whom a defendant wishes to apportion liability. The text of § 52-102b also provides that that section "shall be the exclusive means by which a defendant

---

[6] Section 52-572h specifies liability rules for negligence actions in which there are multiple tortfeasors. See footnote 2 of this opinion.

may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." General Statutes § 52-102b (f). We conclude that, because (1) there is no provision within § 52-102b for service on an unidentified person via publication or by any other means, (2) an unidentified person cannot be served with a writ, summons or a complaint, and (3) the statute provides that it is the "exclusive means"; General Statutes § 52-102b (f); of adding to a case an apportionment defendant who may be liable to the plaintiff pursuant to § 52-572h, the text of § 52-102b implies that the legislature intended to exclude unidentified persons from the universe of persons or entities subject to being named as an apportionment defendant.

The legislative history of Substitute Senate Bill No. 1012, the bill eventually enacted as Public Acts 1995, No. 95-111, § 1, and codified at § 52-102b, supports this interpretation of the legislature's intent. That support is found in the following colloquy between Representatives Dale W. Radcliffe and Michael P. Lawlor: "[Representative Radcliffe]: . . . My understanding is that the bill uses the word 'parties' and the word 'party' is used for purposes of apportionment. Is it the proponent's understanding that 'party' means party to the lawsuit and *not anyone anywhere in the world who might possibly be said to have been in some way responsible?* That's the way I read it. I just want to make sure that the intent is good, that 'party' means party to the action, not anyone who is outside the lawsuit. Is that correct? . . .

"[Representative Lawlor]: . . . Yes. In fact, it would mean anyone who is actually a party to the lawsuit." (Emphasis added.) 38 H.R. Proc., Pt. 9, 1995 Sess., p. 3272. The rejection of the idea of allowing a defendant to apportion liability upon "anyone anywhere in the world who might possibly be said to have been in some

way responsible"; id.; supports our conclusion that the legislature intended to restrict the universe of potential apportionment defendants to identified persons.

This conclusion is further strengthened by considering the historical development of § 52-572h. That historical development illustrates the legislature's increasingly restrictive view of the universe of persons from whom a defendant may seek to apportion damages. In *Donner* v. *Kearse*, 234 Conn. 660, 662 A.2d 1269 (1995), we reviewed that historical development and stated: "Partially in response to . . . concerns [over the system of joint and several liability], the legislature undertook to reform the tort recovery provisions of our civil system, by enacting No. 86-338 of the 1986 Public Acts (Tort Reform I), which took effect October 1, 1986. Section 3 of Tort Reform I provided that each defendant would initially be liable for only that percentage of his negligence that proximately caused the injury, in relation to one hundred percent, that is attributable to each *person* whose negligent actions were a proximate cause of the damages. . . . In other words, under Tort Reform I, the jury, in determining the percentage of negligence attributable to any defendant, could take into account the negligence of any other person, whether or not that person was a party to the action. See G. Royster, [Joint and Several Liability and Collateral Sources Under the 1987 Tort Reform Act, 62 Conn. B.J. 257, 259 (1988)] (Tort Reform I had the plaintiff's negligence compared with everyone in the world who was at fault). Tort Reform I, however, did not provide the plaintiff with a means of securing payment of damages unless that person was also a *party*.

"Under Tort Reform I, to avoid the possibility that a jury would find that the negligence of a nonparty was a proximate cause of [the plaintiff's] injuries, [the] plaintiff was required to name as defendants all persons whose actions suggested even the slightest hint of negli-

gence. The unwanted practical effect, therefore, was that plaintiffs were required to pursue claims of weak liability against third parties, thereby fostering marginal and costly litigation in our courts. *General Accident Ins. Co.* v. *Wheeler*, 221 Conn. 206, 213, 603 A.2d 385 (1992).

"The legislature amended these tort recovery provisions just one year later when it enacted No. 87-227 of the 1987 Public Acts (Tort Reform II), the pertinent provisions of which now are codified in part under § 52-572h.[7] These revisions, which took effect October 1, 1987, altered the class of individuals to whom the jury could look in determining whose negligence had been a proximate cause of a plaintiff's injuries. In short, these revisions changed the focus of this class of negligent individuals from any person to any party and certain other identifiable persons. See General Statutes § 52-572h (c), (d), (f) [and] (n). Thus, while Tort Reform I provided that the jury, in determining the percentage of responsibility of a particular defendant, could also consider the entire universe of negligent persons, Tort Reform II limited this universe to only those individuals who were parties to the legal action or who were specifically identified in § 52-572h (n).

"Defendants who had been sued, however, were not left without a method to change the universe of negligence to be considered." (Emphasis in original; internal quotation marks omitted.) *Donner* v. *Kearse*, supra, 234 Conn. 667–69. The legislature provided a "means by which a defendant may expand the universe of negligence to be considered in apportioning liability." Id., 669 n.10.

"This . . . history of the development of § 52-572h is especially informative . . . . *It demonstrates that the legislature, in enacting Tort Reform II, intended to limit the universe of negligence to be considered to*

---

[7] See footnote 2 of this opinion.

*only particular, identifiable persons.* If a defendant wished to broaden the universe of negligence to be considered in any given case, the legislature placed the burden upon him to implead that nonparty in accordance with [§ 52-102b]." (Emphasis added.) Id., 669–70.

Thus, our construction of § 52-102b is consistent with the legislative intent embodied in § 52-572h, which is "to limit the universe of negligence to be considered to only particular, *identifiable persons.*" (Emphasis added.) Id., 669. In contrast, the defendant's construction of § 52-102b, which would permit apportionment actions against unidentified persons, directly contradicts the policies behind § 52-572h that we discussed in *Donner.* "Where, as here, more than one [provision] is involved, we presume that the legislature intended them to be read together to create a harmonious body of law . . . and we construe the [provisions], if possible, to avoid conflict between them." (Internal quotation marks omitted.) *Stern* v. *Allied Van Lines, Inc.,* 246 Conn. 170, 179, 717 A.2d 195 (1998); see *Shortt* v. *New Milford Police Dept.,* 212 Conn. 294, 301, 562 A.2d 7 (1989) ("[i]n ascertaining [legislative] intent, we deem the legislature to have intended to harmonize its enactment with existing common law and statutory requirements").

Furthermore, there is nothing in the legislative history of § 52-572h to indicate that the legislature intended to include unidentified persons among the class of persons against whom an apportionment complaint may be filed. On the contrary, throughout the legislative debate on § 52-572h, legislators continually discussed the concept of apportionment and its application to identified parties to a lawsuit. See, e.g., 30 H.R. Proc., Pt. 16, 1987 Sess., pp. 5711–13, remarks of Representative Sean C. Butterly; id., pp. 5706–10, remarks of Representatives Thomas S. Luby and Robert G. Jaekle; id., pp. 5690–97, remarks of Representative Jaekle.

Thus, based on the text and legislative history of § 52-102b, and the historical development and legislative history of § 52-572h, we conclude that the legislature intended that only identified persons may be included in an apportionment complaint. In this case, as the defendant acknowledges, the defendant's apportionment complaint against "Jane Doe" names an unidentified person as an apportionment defendant. Therefore, we conclude that the trial court properly rendered judgment in favor of the plaintiff on the defendant's apportionment complaint against "Jane Doe."[8]

In reaching this conclusion, we reject the defendant's argument that the policy behind § 52-572h requires us to construe that statute and § 52-102b to allow the filing of apportionment complaints against unidentified tortfeasors. The defendant correctly notes "that a primary purpose of enacting [§ 52-572h] was to change the common law of joint and several liability such that a defendant would be liable only for that proportion of the damages for which he was responsible." *Baxter* v. *Cardiology Associates of New Haven, P.C.*, 46 Conn. App. 377, 381, 699 A.2d 271, cert. denied, 243 Conn. 933, 702

---

[8] Because we reject the defendant's argument that § 52-102b authorizes the filing of an apportionment complaint against an unidentified person, the defendant's argument that "Jane Doe" is a proper party to this action by virtue of her being served with process by publication of two legal notices in a newspaper pursuant to § 52-68 also fails. The "exclusive means"; General Statutes § 52-102b (f); of adding an alleged tortfeasor to a case for the apportionment of liability under § 52-572h require compliance with the provisions of § 52-102b. Because we concluded previously that an unidentified person may not be made an apportionment defendant pursuant to § 52-102b, no manner of service, including newspaper publication service made pursuant to § 52-68, is sufficient to bring such a person into a case.

In his reply brief, the defendant also argues, for the first time, that the plaintiff waived her right to challenge the sufficiency of service of process on "Jane Doe." "It is a well established principle that arguments cannot be raised for the first time in a reply brief." (Internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 48 n.42, 717 A.2d 77 (1998). Therefore, we decline to review the defendant's claim.

A.2d 640 (1997). We do not agree, however, that the policy behind proportional payment of damages requires us to ignore the statutory requirements of § 52-102b that govern the procedure for the filing of apportionment complaints. The defendant cites no cases that stand for such a proposition.

On the contrary, the two cases cited by the defendant in support of this argument both involve instances in which courts have held, as a matter of *statutory* interpretation, and in spite of the policy behind proportional payment of damages, that a defendant was not entitled to have a jury determine apportionment liability. Id., 381–82; see *Bhinder* v. *Sun Co.*, 246 Conn. 223, 232, 717 A.2d 202 (1998). In *Bhinder*, we extended "§ 52-572h as a matter of common law to permit a negligent defendant to apportion liability to an intentional defendant." *Bhinder* v. *Sun Co.*, supra, 242. In so doing, we noted that "precluding the defendant from allocating fault is inconsistent with the principle of comparative negligence that a defendant should be liable only for that proportion of the damages for which he or she was responsible." Id., 238.

*Bhinder*, however, does not support the defendant's position in this case for two reasons. First, in *Bhinder*, this court unanimously agreed, as a matter of statutory interpretation, that § 52-572h did *not* permit the defendant to add a potential apportionment defendant who was an intentional tortfeasor. E.g., id., 230, 232. Thus, contrary to the defendant's position, we recognized in *Bhinder* that, as a matter of statutory interpretation, the policy of proportional payment of damages is limited by the specific statutory provisions governing its application.

Second, in response to our decision in *Bhinder*, the legislature amended § 52-572h; see Public Acts 1999, No. 99-69, § 1 (P.A. 99-69); by prohibiting the apportion-

ment of liability between allegedly negligent tortfeasors and intentional or reckless tortfeasors, among others.[9] Although P.A. 99-69, § 1, did not purport to eliminate the policy behind apportionment, this amendment to § 52-572h suggests that the policy behind apportionment is limited by the specific statutory provisions governing its application.

The defendant also correctly notes that the Appellate Court referred to this policy in *Baxter* v. *Cardiology Associates of New Haven, P.C.*, supra, 46 Conn. App. 381. In *Baxter*, the court concluded that the policy behind apportionment did not automatically require a jury to consider the apportionment liability of a party with which the plaintiff had settled and against which the plaintiff had withdrawn her claims because, "[a]s with any issue, the trial court must not submit the issue of the settled person's negligence to the jury unless there is evidence to support it." Id., 382. Despite referring to the policy of proportional payment of damages, the Appellate Court determined that, under the facts of that case, the defendant was not entitled to a jury determination of apportionment liability. See id., 381–84. We conclude that, although an important policy behind § 52-572h is that "a defendant . . . be liable only for that proportion of the damages for which he was responsible"; id., 381; § 52-572h does not entitle a defendant to seek to apportion liability in instances in which the procedures outlined in § 52-102b are not followed.

Finally, we reject the defendant's hyperbolic contention that such a "result is so unfair that it defies

[9] Although P.A. 99-69 was enacted in May, 1999, well after the motor vehicle accident that gave rise to this action and after the trial court rendered judgment for the plaintiff on the defendant's apportionment complaint against the unknown driver, the legislature declared it "applicable to any civil action *pending on* or filed on or after August 11, 1998"; (emphasis added) Public Acts 1999, No. 99-69, § 2; the day that *Bhinder* was decided.

logic and equity." On the contrary, on the equities of this case, we believe that to follow the defendant's theory would be inequitable. The defendant's theory would put the burden on the plaintiff to bring the unidentified defendant into this case in order to preserve her opportunity to collect all of the damages that she may be awarded. Thus, this is a case in which the equities and our statutory construction point to the same conclusion.

The judgment is affirmed.

In this opinion the other justices concurred.