[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE FOURTH SPECIAL DEFENSE (#137) 
 I. FACTS:
Arising from an automobile accident allegedly caused by an underinsured driver, on February 7, 2000, the plaintiff, David Schreiber, brought a five count complaint against the defendant, Federal Insurance Company. The defendant, on August 28, 1998, issued an insurance policy that entitles the plaintiff to recover for damages he incurs if involved in an accident caused by an uninsured or underinsured motorist. The plaintiff alleges that, on February 17, 1999, while walking near the transfer station in Old Saybrook he was struck by Wayne Driscoll, who was operating an underinsured pickup truck.
The plaintiff filed his original complaint on February 7, 2000. On February 22, 2000, the plaintiff amended his complaint. The defendant timely filed its answer and special defenses to the amended complaint on May 26, 2000. In its first special defense to the amended complaint, the defendant alleges that the plaintiff contributed to the accident because CT Page 466 the plaintiff was allegedly intoxicated. The plaintiff subsequently amended his complaint on August 10, 2000.
In the first count of his second amended complaint, the plaintiff alleges an underinsured motorist claim against the defendant. The second count alleges loss of consortium on behalf of the plaintiff's wife. The third count alleges a breach of the implied covenant of good faith by the defendant. The fourth count alleges a violation of CUIPA and CUTPA. Finally, the fifth count alleges reckless and willful misconduct on the part of the defendant.
On November 8, 2000, the defendant filed its answer and special defenses to the second amended complaint. On November 13, 2000, the plaintiff timely filed a motion to strike the fourth special defense. On November 22, 2000, the defendant filed its objection to the plaintiffs' motion to strike.
II. DISCUSSION: 
The fourth special defense alleges that "[t]he defendant is entitled to absolute immunity to the allegations in the Third, Fourth and Fifth Counts in [the] complaint. "In the third count of the second amended complaint, the plaintiff alleges that the defendant's first special defense to the amended complaint "contained an allegation asserting that . . . Plaintiff was injured as a result of his own negligence because he was `under the influence of alcohol'" and that the allegation amounts to a bad faith action. (Second Amended Complaint, Third Count ¶ 8). The fourth count of the second amended complaint alleges a violation of CUTPA and CUIPA based upon the defendant's statements, made before the commencement of litigation to the plaintiff's attorney and to the defendant's employees, that the plaintiff was intoxicated on the date of the accident. The fifth count alleges that "[t]he Defendant has willfully engaged in a concerted form of conduct in alleging false and reckless statements about the Plaintiff, and in so doing, has engaged in a general course of reckless business conduct" by making the same pre-litigation comments to the plaintiff's attorney and defendant's employees. (Second Amended Complaint, Fifth Count ¶ 19).
The plaintiff moves to strike the fourth special defense on the ground that the defendant has no legal basis for absolute immunity and, therefore, has not alleged a legally sufficient special defense. The defendant counters that it has absolute immunity because the statements concerning the plaintiff's alleged intoxication were made by parties to litigation within the course of litigation.
The standards for a motion to strike are well settled and apply to CT Page 467 special defenses. Practice Book § 10-39. "[A] motion to strike challenges the legal sufficiency of a pleading . . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted.) Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). In deciding a motion to strike, a court must "take the facts to be those alleged in the complaint [and] construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000).
"In Connecticut, parties to or witnesses before judicial or quasi-judicial proceedings are entitled to absolute immunity for the content of statements made therein." Field v. Kearns, 43 Conn. App. 265,271, 682 A.2d 148, cert. denied, 239 Conn. 942, 684 A.2d 711 (1996). Whether the statement is pertinent to the impending proceedings is the sole limit of the absolute immunity. Petyan v. Ellis, 200 Conn. 243,251, 510 A.2d 1337 (1986). The standard for "pertinency" is lower, however, than the relevancy standard for evidence. W. Prosser W. Keeton, Torts (5th Ed. 1984) § 114, p. 818.
The absolute immunity defense grows out of a defense against defamation; see, e.g., Petyan v. Ellis, supra, 200 Conn. 245-46; however the rule of absolute immunity has been applied to other causes of action, such as breach of a right to privacy and intentional and negligent emotional distress. Braunstein v. Hayes Thynne, P.C., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 117928 (February 9, 1994, Lewis, J.) (9 C.S.C.R. 236, 237.). A statement must be "uttered or published in the course of judicial proceedings," to gain immunity Petyan v. Ellis, supra, 200 Conn. 245; and the immunity "extends to every step of the proceeding until final disposition"; Id., 246; including preparation for the proceedings.Bieluch v. Smith, Superior Court, judicial district of Litchfield, Docket No. 056050 (May 26, 1993) (Pickett, J.) (9 Conn.L.Rptr. 197).
This court has not found any Connecticut decisional law applying the absolute immunity defense to causes of action based upon a breach of contract, violation of CUTPA or CUIPA or reckless or wilful misconduct nor have the parties supplied it with any such authority. When applying absolute immunity to a situation in which it has heretofore never been used, the Connecticut Supreme Court has instructed that "it is important to consider whether there is a sound public policy reason for permitting the complete freedom of expression that a grant of absolute immunity provides." Kelley v. Bonney, 221 Conn. 549, 567, 606 A.2d 693 (1992), citing W. Prosser W. Keeton, supra, § 114, p. 816.
"The policy underlying the privilege is that in certain situations the CT Page 468 public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." (Internal quotation marks omitted.) Petyan v.Ellis, supra, 200 Conn. 246. "Witnesses and parties to judicial proceedings must be permitted to speak freely, without subjecting their statements and intentions to later scrutiny by an indignant jury, if the judicial process is to function. . . . While no civil remedies can guard against lies, the oath and the fear of being charged with perjury are adequate to warrant an absolute privilege for a witness' statements."DeLaurentis v. New Haven, 220 Conn. 225, 264, 597 A.2d 807 (1991).
These public policy rationales demonstrate that the statements contained within the defendant's first special defense, which form the basis for the plaintiff's claim in count four of the second amended complaint, are afforded absolute immunity because the statements were made after the litigation commenced and were stated within a court document. If not afforded immunity in this context, the defendant would be discouraged from defending on the basis of contributory negligence because the underlying facts of the defense are potentially embarrassing to the plaintiff.
In the fourth and fifth counts of the second amended complaint the plaintiff's allegations, however, are also based upon pre-litigation statements. The plaintiff alleges that these statements were made "[a]t various and [diverse] times between the accident date and the date of this suit." (Second Amended Complaint, Fourth Count ¶ 15). These statements were made by employees of the defendant to plaintiff's counsel and to "other unknown persons within the defendant company." Id.
In general, communications before the commencement of litigation are immune "only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity." 3 Restatement (Second), Torts § 587, p. 250, comment (e) (1977).
In Kelley v. Bonney, the Connecticut Supreme Court favorably quotedHoover v. Van Stone, 540 F. Sup. 1118, 1122 (D. Del. 1982), for the proposition that "[when] the communications . . . were made to a limited and discrete group, made in the preparation of [the] . . . case, made for the purpose of obtaining evidence for trial, and necessary to engage effectively in the investigation needed to prepare intelligently for trial . . . [the parties are absolutely immune]." (Internal quotation marks omitted.) Kelley v. Bonney, supra, 221 Conn. 573. Similarly, this reasoning guides this court's resolution of the motion to strike. CT Page 469
The plaintiff alleges that the communications were made to his attorney and among the employees of the defendant. As to the communications directed to the plaintiff's attorney, without such communications, it would be difficult for plaintiff's counsel to prepare for the possible defense or to investigate the substance of the defendant's claim in a timely fashion, especially if such statements are only afforded immunity after the official commencement of litigation. That the statements were made to the plaintiff's lawyer also demonstrates enough factual predicate for an allegation that there was a good faith belief that litigation would soon commence.
While the fourth and fifth counts also allege that the communications were made to the defendant's employees, this court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Eskin v. Castiglia, 253 Conn. 516, 523, 753 A.2d 927
(2000). Even if absolute immunity does not apply to the pre-litigation statements made by the defendant to its employees, it may, if proven, apply to the statements made to the plaintiff's attorney. Both the fourth and fifth counts allege that the underlying statements were made to the plaintiff's attorney and the defendant's employees. Accordingly, the plaintiff's motion to strike should be denied because the facts pleaded in the fourth special defense are legally sufficient to support a claim for absolute immunity.
III. CONCLUSION:
For the reasons herein stated, this court finds that the defendant has a legal basis for its special defense of absolute immunity for statements made in connection with this litigation. Accordingly, this court denies the plaintiff's motion to strike the fourth special defense.
It is so ordered.
By the court
ARENA, J.