[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103 and OBJECTION #106
In a complaint dated September 6, 2000, the plaintiffs, Federated Corporate Services, Inc. and Macy's East, Inc., brought a six count breach of contract action against the defendant, F.J. Sciame Construction Co., Inc. The plaintiffs allege the following pertinent facts: the parties had a 1995 contract under which the defendant agreed to supervise the remodeling of a Stamford department store. The plaintiffs allege that the defendant agreed pursuant to the contract to pay all taxes imposed on any materials, articles or services furnished by the defendant and to date, have failed to do so. The complaint alleges the following causes of action: (1) breach of express contract; (2) contract implied-in-fact; (3) contract implied in law; (4) a violation of the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes § 42-110a et seq.; (5) negligent misrepresentation; and (6) intentional misrepresentation. On November 1, 2000, the defendant moved to strike counts four, five and six of the plaintiffs' complaint. Although no grounds were cited on the face of the motion,[1] the supporting memorandum of law argues that counts four, five and six reiterate the breach of contract claims and therefore, counts four, five and six are legally insufficient. The plaintiffs filed a timely memorandum in opposition.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
First, the defendant argues that count four of the plaintiffs' complaint must be stricken as a breach of contract claim is insufficient to support a CUTPA claim. The plaintiffs respond that they did not merely reiterate their breach of contract claim, but rather, have alleged sufficient facts to allege a CUTPA violation. "[Connecticut General CT Page 3742 Statutes §] 42-110b (a) provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) HartfordElectric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68,736 A.2d 824 (1999).
"[T]o recover under CUTPA for a simple breach of contract, the plaintiff must show substantial aggravating circumstances intending to breach. Under [CUTPA] intent to deceive is not relevant." (Internal quotation marks omitted.) Thames River Recycling, Inc. v. Gallo,50 Conn. App. 767, 784, 720 A.2d 242 (1998); see also Greenwich CapitolFinancial Products, Inc. v. Citicorp Mortgage, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 166269 (April 26, 1999, Mintz, J.). In count four, the plaintiffs reallege the facts sounding in breach of contract. The plaintiffs, however, further allege that the defendant's conduct "with respect to the Connecticut sales and/or use taxes and accrued interest violated public policy, and was immoral, unethical, oppressive and unscrupulous." Viewing the allegations of the complaint in a light most favorable to the plaintiffs, the court finds that count four of the complaint sufficiently alleges a CUTPA violation as it meets the second prong of the cigarette rule. See Consumer Incentive v. Memberworks, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362655 (April 25, 2000,Melville, J.) (court denied motion to strike claim alleging CUTPA violation holding that allegations of immoral and unethical conduct sufficient to meet criteria of cigarette rule); Greenwich CapitolFinancial Products, Inc. v. Citicorp Mortgage, Inc., supra, Superior Court, Docket No. 166269 (court denied motion to strike claim alleging CUTPA violation holding that claim met cigarette rule criteria). Accordingly, the defendant's motion to strike count four is hereby denied.
Next, the defendant argues that count five of the plaintiffs' complaint CT Page 3743 must be stricken as it does not allege facts which set forth a cause of action sounding in negligent misrepresentation, but also reiterate the breach of contract claim. The plaintiffs' respond that they have sufficiently alleged a claim for negligent misrepresentation. "In order to [state a] claim of negligent misrepresentation . . . [the plaintiff] must [allege] the following elements . . . 1) that the defendant made representations of fact to [the plaintiff] which it knew or should have known in the exercise of reasonable care to be false . . . 2) that it knew or should have known that [the plaintiff] would be guided by or would rely on those representations . . . 3) that [the plaintiff] justifiably relied on the information; and, 4) that [the plaintiff] suffered a detriment or damages as a result of such reliance." Craine v.Trinity College, Superior Court, judicial district of Hartford at Hartford, Docket No. 555013 (December 27, 1999, Peck, J.).
"The governing principles [of negligent misrepresentation] are set forth in similar terms in § 552 of the Restatement (Second) of Torts (1977): One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Internal quotation marks omitted.) Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559, 575. 657 A.2d 212 (1995); see also Schur v. David Ogilvy and Associates, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175461 (April 26, 2000, D'Andrea, J.) (27 Conn.L.Rptr. 103, 104).
In this case, the plaintiffs allege that the defendant "negligently misrepresented its intention to pay Connecticut sales and/or use taxes and incurred interest" for the plaintiffs' remodeling project when bidding, negotiating and signing the agreement between the parties. Furthermore, the plaintiffs allege that they relied on the defendant's representations and as a result suffered damages. The court finds therefore, that the plaintiffs have sufficiently alleged a claim of negligent misrepresentation. See Yacht Centers LLC v. Harbor PlazaAssn., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143912 (March 28, 1996, Ryan, J.) (court denied motion to strike claim of negligent misrepresentation because plaintiff adequately alleged elements of cause of action). Accordingly, the defendant's motion to strike count five of the complaint is hereby denied.
Finally, the defendant makes a similar argument as it did regarding the plaintiffs' claim of negligent misrepresentation. Consequently, the defendant argues that count six alleging intentional misrepresentation CT Page 3744 should also be stricken as the count again reiterates the breach of contract claim and does not add any facts to support a claim for intentional misrepresentation. The plaintiff responds that they have set forth sufficient allegations to state a cause of action sounding in intentional misrepresentation. "An action for . . . intentional misrepresentation requires proof of four elements: (1) a false representation was made as a statement of fact; (2) it was untrue and was known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the other party acted on the representation to his injury." Chestnut v. Kent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346653 (April 17, 1998,Skolnick, J.) (22 Conn.L.Rptr. 29, 30). "As a threshold matter, a plaintiff alleging . . . intentional misrepresentation should allege the claimed false statements." (Internal quotation marks omitted.) YachtCenters LLC v. Harbor Plaza Assn., supra, Superior Court, Docket No. 143912.
In the present case, the plaintiffs essentially allege the same facts in count six as they allege in count five. The plaintiffs allege that the defendant "intentionally misrepresented its intention to pay Connecticut sales and/or use taxes and incurred interest" for the plaintiffs' remodeling project when bidding, negotiating and signing the agreement between the parties. Additionally, the plaintiffs allege that at all times the defendant represented that the defendant or its subcontractors would pay Connecticut sales and/or use taxes and incurred interest "when, in fact, defendant had no intention of paying the tax or interest and had no intention of requiring its subcontractors to pay the tax or interest." Moreover, the plaintiffs allege that the defendant intended to assert these misrepresentations as a way of inducing the plaintiffs to enter into the agreement with the defendant. Furthermore, the plaintiffs allege that they relied on the defendant's representations and as a result suffered damages.
The court finds that the plaintiffs have sufficiently alleged that: the defendant intentionally made false representations to the plaintiffs; the defendant made statements in order to induce the plaintiffs to act upon them; the plaintiffs relied and acted on these representations; and ultimately, suffered damages as a result. Consequently, the plaintiffs have sufficiently set forth an allegation of intentional misrepresentation. See Clemens v. Circuit City Stores, Superior Court, judicial district of Hartford at Hartford, Docket No. 577909 (February 2, 1999, Hennessey, J.) (24 Conn.L.Rptr. 55, 58) (court denied motion to strike claim of intentional misrepresentation because plaintiff adequately alleged elements of cause of action). Accordingly, the defendant's motion to strike count six is hereby denied. CT Page 3745
In conclusion, the plaintiffs have alleged legally sufficient claims in counts four, five and six of their complaint. Consequently, the defendant's motion to strike counts four, five and six is hereby denied and the plaintiff's objection to motion to strike is sustained.
MINTZ, J.