[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FACTS
This case arises out of an alleged breach of contract. The plaintiff, Blue Zone Foundations, alleges that it performed construction work between November 1, 1999, and February 4, 2000, for the defendants, Hersha United Construction Ltd., d/b/a Hersha Construction Company (Hersha) and Paradise Properties, LLC, (Paradise), but the defendants did not pay the plaintiff for the work performed. On April 14, 2000, the plaintiff recorded a mechanic's lien against Hersha on the property owned by Paradise for the $31,965 balance owed to the plaintiff.[1]
On December 8, 2000, the plaintiff filed an amended six count complaint against the defendants, alleging breach of contract, unjust enrichment, violation of the Connecticut Unfair Trade Practice Act (CUTPA) and violation of Public Act § 99-153, codified as General Statues §§42-158i to 42-158a, inclusive. The defendant, Hersha, now moves to strike count five, the claim for violation of CUTPA, as well as the plaintiff's prayer for relief seeking punitive damages.
 DISCUSSION
CT Page 9893
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 588.
The defendant moves to strike the CUTPA violation claim on the grounds that the plaintiff has (1) failed to allege more than a single act; (2) failed to allege more than a simple breach of contract; (3) failed to allege aggravating circumstances in addition to the breach of contract; and (4) failed to allege conduct that is immoral, unethical, unscrupulous or offensive to public policy. The plaintiff argues that a single act can constitute a CUTPA violation and the plaintiff's allegation that the defendants engaged in "accounts payable financing" constitutes a CUTPA violation.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b(a). "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 43, 717 A.2d 77
(1998).
"A simple breach of contract, even if intentional, does not amount to a CT Page 9894 violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act. . . . Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion [to strike]. . . . Moreover, [a] simple contract breach is not sufficient to establish a violation of CUTPA . . . where a count simply incorporates the reference to the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Brackets in original; citations omitted.)Hendriks Associates v. Old Lyme Marina, Superior Court, judicial district of New London at New London, Docket No. 546496 (November 22, 2000,Martin, J.).
The plaintiff argues that it has set forth aggravating circumstances beyond a mere breach of contract by alleging that the defendants "engaged in unfair or deceptive acts or practices in the conduct of its trade or commerce, including when it received materials and services from plaintiff but failed to pay over the monies due the plaintiff, instead utilizing the money for its own business purposes, to pay its other bills and income in a practice sometimes known as `accounts payable financing.'" (Complaint, count five, ¶ 7.) The plaintiff relies onQuinn Associates, Inc. v. FGA Services, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 315433 (October 2, 1992,Hadden, J.) (7 C.S.C.R. 1192), in support of its argument that an allegation of "accounts payable financing" constitutes a CUTPA violation.
In Quinn, the plaintiff's CUTPA claim was based upon allegations that the defendant failed to pay the plaintiff the monies owed in a timely fashion in breach of the contract. The plaintiff further alleged that the defendant "received monies from DOT long before it paid [the plaintiff's] corresponding invoices, and instead of paying the money [to the plaintiff, the defendant] used these funds to either reduce its borrowing or to avoid borrowing money through a calculated and deliberate scheme of what amounts to illegal and unauthorized accounts payable borrowing.Quinn Associates, Inc. v. FGA Services, Inc., supra, Docket No. 315433. The court found that the allegation of "accounts payable borrowing" set forth a CUTPA claim and denied the defendants motion to strike. At trial however, the court found that the CUTPA claim was merely a breach of contract claim and rejected the argument that the allegation of "accounts payable borrowing" was a scheme that was unethical, immoral or illegal.Quinn Assoc., Inc. v. FGA Services, Inc., Superior Court, judicial district of New Haven at New Haven, x Docket No. 315433 (December 22, 1995,Hadden, J.). CT Page 9895
The present case is distinguishable from Quinn in that the allegations in Quinn were that the defendant was receiving monies from the DOT that was specifically earmarked to reimburse the plaintiff but the defendant did not reimburse the plaintiff. In the present case, the plaintiff does not allege that the defendants were using funds earmarked for the plaintiff but that the defendant "failed to pay over the monies due the plaintiff, instead utilizing the money for its own business purposes. . ." (Complaint, count five, ¶ 7.) The plaintiff does not allege that "the monies" were allocated specifically for the plaintiff. The plaintiff has not alleged aggravating circumstances beyond a simple breach of contract and has not set forth a valid CUTPA claim. "A simple contract breach is not sufficient to establish a violation of CUTPA. . . ." HendriksAssociates v. Old Lyme Marina, supra, Docket No. 546496. Therefore, the defendant's motion to strike is granted.
D. Michael Hurley, Judge Trial Referee