[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a complaint dated March 23, 2001, the plaintiff, Dorothy McKellar, brought this premises liability action against the defendants, GNL Associates, Cardillo's Deli Plus, Inc. (Cardillo's Deli Plus), Arthur Gross, Priscilla T. Gross, Tina Gross Bisbee, Michael O. Gross, Donald Gross, Doris G. Nussbaum, Philip R. Nussbaum, Mark S. Nussbaum, Carolyn G. Nussbaum, Daniel R. Nussbaum, Lisa S. Nussbaum, George E. Nussbaum, Barbara P. Lorenzo, Anthony R. Lorenzo, Alan R. Lorenzo, Linda J. Lorenzo, and Lynn M. Bisbee (collectively, the defendants), arising out of injuries the plaintiff suffered when she allegedly tripped and fell due to a pothole in defendant Cardillo's Deli Plus' parking lot. Counts one, three and five of the plaintiff's complaint alleges negligence against the defendants. Counts two, four and six of the plaintiff's complaint alleges recklessness against the defendants. On June 19, 2001, the defendants moved to strike counts two, four and six of the plaintiff's complaint on the ground that these counts are legally insufficient because the plaintiff reiterated the counts which sounded in negligence, and therefore, has not added sufficient facts to allege a claim of recklessness. The plaintiff filed a timely memorandum of law in opposition.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a CT Page 11938 motion to strike." Practice Book § 10-39(a); see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). The court "[m]ust . . . take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-523, 753 A.2d 927
(2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOG Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The defendants argue that the plaintiff merely has realleged the negligence counts in her recklessness claims and therefore, has not supported the recklessness counts with sufficient factual allegations so as to assert a valid cause of action for recklessness. The plaintiff contends that it is not improper to use the same facts from a negligence count to assert a recklessness claim. "Recklessness is a state of consciousness with reference to the consequences of one's acts . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it. there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518,532, 542 A.2d 711 (1988).
"The fact that the recklessness count relies upon the same factual allegations as the negligence claim does not, in and of itself, provide [the defendant] with the basis for a motion to strike." Ouellette v.Hartford Ins. Co., Superior Court, judicial district of New Britain at New Britain, Docket No. 496991 (April 12, 2000, Kocay, J.); Bendowski v.Quinnipiac College, Superior Court, judicial district of New Haven at Meriden, Docket No. 248346 (April 9, 1996, Silbert, J.) (16 Conn. L. Rptr. 470, 473). "It is certainly true . . . that factual allegations which constitute no more than simple negligence cannot be transformed into claims of reckless misconduct merely by labeling them as such. . . . It is also true however that the same facts can appropriately constitute two distinct causes of action." (Citations omitted.) Joyner v. Hamer, Superior Court, judicial district of New Haven at New Haven, Docket No. 429101 (May 18, 2000, Alander,J.). Furthermore, "it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action. . . . In short, an action sounding in reckless conduct requires an allegation of an intentional act that results in injury." (Citations omitted; internal CT Page 11939 quotation marks omitted.) Kopesky v. Connecticut American Water Co.,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145791 (August 2, 1999, D'Andrea, J.); Thompson v. Buckler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153798 (January 27, 1999, D'Andrea, J.); Epner v. Theratx, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 161989 (March 10, 1998, D'Andrea, J.).
The issue before this court, therefore, is whether the plaintiff has alleged a distinct separate claim sounding in recklessness and if so, has she alleged sufficient facts to rise to the level of recklessness. "In order for a person's conduct to give rise to the level of recklessness, that person must realize that his conduct involved a risk so substantial that his conduct goes beyond negligence." Chatterton v. Infinity Ins.Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.). "In order to rise to the level of recklessness, [the] action producing the injury must be intentional and characterized by highly unreasonable conduct which amounts to an extreme departure from ordinary care. . . ." (Internal quotation marks omitted.) Doe v. Stamford Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160804 (April 8, 1998, D'Andrea, J.).
In counts two, four and six, the plaintiff realleges and incorporates counts one, three and five sounding in negligence, and then alleges that the defendants were reckless or acted with deliberate indifference in that they: allowed the parking lot to be and remain in a defective, dangerous and unsafe condition; allowed the parking lot to be and to remain in a state of disrepair; failed to remedy or repair the parking lot; failed to supply a safe parking lot for the plaintiff and others to walk on; failed to warn the plaintiff of the existence of the pothole; failed to make proper and reasonable inspections to discover the presence of the pothole; failed to implement a maintenance or inspection system so that unsafe and defective conditions could be quickly ascertained; and failed to have sufficient and reasonably trained personnel on duty to inspect, maintain and repair the premises. Viewing the allegations most favorably to the plaintiff, the court finds that the plaintiff's claims for recklessness are separate and distinct from the negligence counts and that the plaintiff has alleged sufficient facts to rise to the level of a recklessness claim. See Lynch v. Brookside Obstretrics and GynecologyAssociates, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175019 (December 13, 2000, D'Andrea, J.). Accordingly, the defendants' motion to strike counts two, four and six is hereby denied.
HICKEY, JUDGE TRAIL (TRIAL) REFEREE. CT Page 11940