[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (#116, #117)
 FACTS
CT Page 14348
On December 15, 1999, the plaintiffs, forty-two property owners in the city of Norwich, filed an appeal from a levy of sewer assessments by the defendants, the sewer authority for the city of Norwich and the city of Norwich. Generally, count one alleges that the plaintiffs are aggrieved by the separate assessment levies because the levies were calculated using an illegal assessment formula and the assessments exceed the value of the benefit to their properties from the installation of the sewers. Generally, count two alleges that on November 4, 1996 and August 4, 1997, the Norwich city council, in violation of the city charter, passed a series of ordinances to fund the installation of the sewers without holding a special referendum to allow the public to vote to approve the bonds. The plaintiffs allege that the assessments on their properties are illegal.
On October 26, 2000, the defendants filed a motion to strike counts one and two of the plaintiffs' complaint. On April 11, 2001, the court,Martin, J., granted the defendants' motion to strike count one of the complaint and denied the motion to strike count two.[1] On April 24, 2001, the plaintiffs filed an amended complaint. On May 8, 2001, the defendants filed a motion to strike count one of the amended complaint on the ground that it is legally insufficient because General Statutes § 7-249[2] expressly allows the method the defendants used to calculate the benefit assessments on the plaintiffs' individual properties. On May 17, 2001, the plaintiffs filed a memorandum of law in objection to the motion to strike. A hearing was held on the motion on July 2, 2001.
 DISCUSSION
The defendants may properly challenge the legal sufficiency of the complaint with a motion to strike. Eskin v. Castiglia, 253 Conn. 516,522, 753 A.2d 927 (2000). In deciding on a motion to strike, the court must "read the allegations of the complaint generously to sustain its viability. ." Sherwood v. Danbury Hospital, 252 Conn. 193, 212,746 A.2d 730 (2000). "The court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Brackets omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
The defendants move to strike count one on the ground that it is legally insufficient because, despite the plaintiffs' allegations that the defendants' methodology in calculating the plaintiffs' sewer assessments violates General Statutes § 7-249, the statute expressly allows the particular method used by the defendants to calculate the CT Page 14349 benefit assessments. Specifically, the defendants argue that General Statutes § 7-249 does not establish a fixed method for calculating sewer benefit assessments, but, rather, it provides a broad array of options for determining the amount of the benefit assessments. The defendants contend that the statute expressly authorizes a proportional allocation of costs among all properties benefitting from the sewer system, but that the measure of proportionality is not required to be the specific valuations of the affected properties. The defendants claim that the statute authorizes them to use a "cost-sharing" method to allocate the cost of the construction of the sewer system "subject to a cap that this court has already ruled is not a proper subject for joinder. . . ." Accordingly, the defendants maintain that count one fails to state a claim upon which relief may be granted.[3]
The plaintiffs argue that the motion to strike count one should be denied because they have stated a legally sufficient cause of action. Specifically, the plaintiffs argue that they have pleaded that the defendants have used the same illegal method to determine the benefit assessments applying to each of their parcels under General Statutes § 7-249.
The defendants derive their power to levy benefit assessments and recover the cost of the installation of sewers directly from General Statutes § 7-249. This statute provides that the defendants "may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefitted [by the installation of the sewers]." General Statutes § 7-249. It further provides that the amount of a benefit assessment "shall not exceed the special benefit accruing to the property. . . . No assessment shall be made against any property in excess of the special benefit to accrue to such property." General Statutes § 7-249.
Once a benefit assessment has been levied pursuant to General Statutes § 7-249 "there is a presumption as to the "regularity, validity and correctness' of a special benefit assessment that imposes on one challenging the assessment the burden of proof." Tower Bus. Park Assoc.No. 1 Ltd. Partnership v. Water Pollution Control Auth., 213 Conn. 112,117, 566 A.2d 696 (1989). The plaintiffs "may overcome this presumption by introducing competent evidence that the assessment is greater than the increase in the market value of the property due to the improvement." Id. "Whether an assessment exceeds the special benefit to the property, as measured in this fashion, is a question of fact for the trial court . . ." Bridge Street Associates v. Water Pollution Authority,15 Conn. App. 140, 144, 543 A.2d 1351 (1988).
Paragraphs one through forty-four of count one allege that benefit CT Page 14350 assessments were levied against forty-one properties owned by the plaintiffs, on November 24, 1999, in the amount of $5,962 for each of the forty single-family homes and $13,415 for the one multi-family property in connection with sewer installation in the city of Norwich. Paragraph forty-five alleges that one additional benefit assessment was levied against a property owned by another plaintiff, in the amount of $5,962, on November 29, 1999. Paragraph forty-six alleges that "[t]he defendant, [sewer authority], calculated said assessments by dividing the total cost of the phase of the sewer project affecting the plaintiffs' properties by the number of properties involved in the phase, resulting in an assessment of $5962.62 for each single-family home, and then making a slight adjustment for the one multi-family property . . . assessing that property $13,414.90." Paragraph forty-seven alleges that "the defendant calculated said assessments by mathematical `cost sharing' of the sewer project, intending to recoup the cost of the project from the properties involved, rather than assessing the properties involved for the actual benefit provided them by the sewer project." Paragraph forty-eight alleges "[t]he resulting assessments of the individual properties, based on this cost-sharing approach, each exceed the special benefit provided to each of the properties involved, in violation of. . . General Statutes § 7-249." Paragraph forty-nine alleges "[e]ach of the plaintiffs is aggrieved by the illegal and unauthorized method of calculating the sewer assessments n that each, as a result of the method of calculating the assessments, has received a sewer assessment which exceeds the special benefit provided the respective properties." Paragraph fifty alleges "[i]n levying said sewer assessments, the defendant acted illegally and in excess of the authority vested in it by law."
Construed in the light most favorable to the plaintiffs, count one alleges that the method of assessment used by the defendants was illegal and resulted in the levy of benefit assessments which exceeded the benefit to each of the respective properties. Although the plaintiffs will have the burden of proving that the method of determining the amount of the benefit assessments was illegal, this allegation is legally sufficient to support a cause of action under General Statutes § 7-249.Shoreline Care Ltd. Partnership v. North Branford, 231 Conn. 344, 350,650 A.2d 142 (1994). Accordingly, the defendants' motion to strike count one is denied.
Martin, J.