[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Kevin Coyle and Coreen McGuire, filed a complaint on CT Page 2207 June 2, 2000, against the defendants, Tracy Mackenzie and Tanya Lynn Mackenzie, asserting claims of negligence arising from an automobile accident. The defendants, who are residents of the Province of Nova Scotia, Canada, filed an appearance through their attorney on June 16, 2000. On September 8, 2000, the defendants filed an answer and special defenses. The fifth special defense alleges that the defendants are domiciliaries and citizens of Canada, and the service of process is, therefore, governed by the Hague Convention. The defendants allege that service of process was not made pursuant to the terms of the Hague Convention and the court does not have personal jurisdiction over the defendants.
On September 15, 2000, the plaintiffs filed a motion to strike the fifth special defense on the ground that the defense is legally insufficient because the defendants waived the claims set forth in the defense by failing to file a motion to dismiss within the thirty day requirement set forth in Practice Book §§ 10-32[1] and 10-30.[2]
The defendants argue, in support of their objection to the motion, that because substantial implications of due process are raised by the special defense, the issues should be ruled upon in due course and not in a procedural matter.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." Eskin v. Castiglia, 253 Conn. 516, 522, 753 A.2d 927 (2000). The motion "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997); see also Practice Book § 10-39.[3] In ruling on a motion to strike special defenses, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut NationalBank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
Practice Book § 10-32 and 10-30 clearly set forth the requirement for filing a motion to dismiss that disputes personal jurisdiction within thirty days after the appearance is filed.[4] "It is well settled that where the meaning of a statute . . . is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction." (Brackets omitted; internal quotation marks omitted.)Fishbein v. Kozlowski, 252 Conn. 38, 46, 743 A.2d 1110 (1999). "These principles of statutory construction apply with equal force to Practice Book rules." (Internal quotation marks omitted.) State v. Pare,253 Conn. 611, 622, 755 A.2d 180 (2000). CT Page 2208
"[T]he filing of an appearance on behalf of a party, in and of itself, does not waive that party's personal jurisdiction claims. Nevertheless, any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . . The rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days. . . . Thus, thirty-one days after the filing of an appearance or the failure to adhere to the requisite sequence, a party is deemed to have submitted to the jurisdiction of the court. Any claim of insufficiency of process is waived if not sooner raised." (Citations omitted; internal quotation marks omitted; emphasis in original; brackets omitted.) Pitchell v. City of Hartford, 247 Conn. 422, 432-33, 722 A.2d 797
(1999). Courts have strictly followed this rule. See Goldstein v.Nutrition Now, Inc., supra, 25 Conn.L.Rptr. 450 (memorandum in support of motion setting forth new grounds for motion must also be filed within thirty day period); Leddy v. Campbell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 353748 (June 30, 1999, Skolnick,J.) (motion to dismiss denied when filed forty-two days after appearance).
In the present case, the defendants did not file a motion to dismiss but, rather, they assert a claim of insufficient process by means of a special defense. Under the unambiguous language of Practice Book §§ 10-32
and 10-30, the defendants have waived their right to claim lack of personal jurisdiction based upon insufficient service of process by not filing a motion to dismiss by July 16, 2000. Accordingly, the plaintiffs' motion to strike the defendants' fifth special defense is hereby granted.
Adams, J.