[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this products liability action, the defendant, General Motors Corporation,[1] moves to strike the seventh count of the plaintiff's complaint sounding in breach of the implied warranty of fitness for a particular purpose on the ground that it is legally insufficient as it fails to allege (1) that the plaintiff relied on the seller's special skill or judgment in selecting his motor vehicle for purchase, and (2) that the seller had any reason to know of any special use for the vehicle. The plaintiff, Shawn Morin, has not filed a memorandum in opposition to the defendant's motion.
The plaintiff's seventh count cites to General Statutes § 42a-2-315. General Statutes § 42a-2-315 is entitled "[i]mplied warranty: fitness for particular purpose," and provides that: "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or CT Page 6869 modified under section 42a-2-316 an implied warranty that the goods shall be fit for such purpose."
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
"To establish a cause of action for breach of the implied warranty of fitness for a particular purpose, a party must establish (1) that the seller had reason to know of the intended purpose and (2) that the buyer actually relied on the seller. Miller v. Northeast Utilities, SuperiorCourt, judicial district of New London at New London, Docket No. 520484(April 21, 1993, Hurley, J.) (8 Conn.L.Rptr. 615), citing Superior Wire Paper Products, Ltd v. Tallcott Tool Machine, Inc., 184 Conn. 10,19, 441 A.2d 43 (1981); Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810,817, 610 A.2d 1312 (1992)." Coates v. Rolscreen Company, Superior Court, judicial district of New Haven at New Haven, Docket No. 330146 (January 19, 1996, Licari, J.) (16 Conn.L.Rptr. 35). See also Goldwater v.Ollie's Garage, Superior Court, judicial district of New Haven at New Haven, Docket No. 357372 (June 5, 1995, Hartmere, J.) (breach of implied warranty of fitness for a particular purpose count stricken for failure to sufficiently allege elements of cause of action).
The plaintiff's seventh count does not allege that the seller had reason to know of the plaintiff's intended purpose for the motor vehicle, other than for the ordinary purposes of motor vehicles, or that the plaintiff actually relied on the seller's skill or judgment. This court, therefore, finds that the count is insufficient to spell out a cause of action for breach of the implied warranty of fitness for a particular purpose. Accordingly, the defendant's motion to strike count seven is granted.
So Ordered.
D'ANDREA, J.T.R. CT Page 6870