[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 108)
Before the court is the plaintiffs' motion to strike the second and third counts of the defendant's counterclaim and the corresponding prayers for relief.
On May 19, 2000, the plaintiffs, Gregory Sullivan and Rachel Sullivan, filed an amended seven count complaint against Lorenz Mang and EMG.[1]
According to the amended complaint, this action arises out of a written contract pursuant to which the plaintiffs purchased an apartment building from Mang. In the portion of the amended complaint directed toward Mang, the plaintiffs allege fraud, negligent misrepresentation, breach of contract, and violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a et seq. In response, on June 14, 2000, Mang filed an answer, special defenses and a three count counterclaim against the plaintiffs alleging in count one, breach of contract; in count two, common law fraud;[2] and in count three, violation of CUTPA.
On June 29, 2000, the plaintiffs filed a motion to strike counts two and three of Mang's counterclaim and the corresponding prayers for relief. The plaintiffs filed a memorandum in support of their motion and Mang filed an objection and memorandum in opposition thereto.
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . counterclaim . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. The role of the trial court in ruling on a motion to strike is "to examine the [counterclaim], construed in favor of the [defendant], to determine whether the [defendant has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000)." [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal CT Page 7681 quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
Count Two — Common Law Fraud
The plaintiffs move to strike count two of Mang's counterclaim on the ground that it fails to state a claim upon which relief may be granted. Specifically, the plaintiffs argue that count two fails to establish the second and forth elements of a cause of action for fraud because it fails to allege that any of the plaintiffs' representations were known to be false at the time they were made and that the representations caused Mang substantial damage. Mang responds that count two sufficiently pleads the elements of fraud.
"The essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman,Trustee v. Kaspar, 233 Conn. 531, 539, 661 A.2d 530 (1995). "All of these ingredients must be found to exist; and the absence of any one of them is fatal to a recovery. (Internal quotation marks omitted.) Citino v.Redevelopment Agency, 51 Conn. App. 262, 275-76, 721 A.2d 1197 (1998).
It is well established in Connecticut that the complainant in an action at law for fraud must prove that he has been injured in order to recover." Kilduff v. Adams, Inc., 219 Conn. 314, 329, 593 A.2d 478
(1991). "The damages asserted in a fraud action must not be speculative or contingent." (Internal quotation marks omitted.) Criscuolo v.Shaheen, 46 Conn. Sup. 53, 58, 736 A.2d 947 (1999). The complainant "must have suffered substantial damage before the cause of action can arise . . . and there can be no recovery if the [complainant] is none the worse off for the misrepresentation, however flagrant it may have been." (Internal quotation marks omitted.) Id., at 57, citing W. Prosser W. Keeton, Torts, § 110, p. 765 (5th ed. 1984).
"A plaintiff in a fraud action is entitled to recover any consequential damages resulting directly from the fraud. . . . The damages to be recovered in an action of this character are such as are the natural and proximate consequence of the fraudulent representation complained of. . . . Although several courts have denied recovery for mental distress in a fraud action on the ground that damages in such an action are solely intended to compensate the plaintiff for pecuniary loss . . . [our Supreme Court] concurs with those jurisdictions that allow the recovery of emotional damages that are the natural and proximate result of fraud." (Citations omitted; Internal quotation CT Page 7682 marks omitted.) Kilduff v. Adams, Inc., supra,219 Conn. 323-24. "[S]uch damages must be specially pleaded." Id., 326.
In count two of the counterclaim, Mang claims that "[a]s a result of the plaintiffs' action, [he] has suffered emotional harm and upset and has incurred and will incur substantial sums for legal expenses and costs associated with defense of the [plaintiffs'] lawsuit" against him. (Counterclaim, Count 2, ¶ 13.) Construing these allegations in a light most favorable to Mang, they are sufficient to satisfy the injury requirement for a cause of action in fraud. Accordingly the plaintiffs' motion to strike count two of the counterclaim is denied.
Count Three — CUTPA
The plaintiffs move to strike count three of Mang's counterclaim on the ground that it fails to sufficiently allege a violation of CUTPA. The plaintiffs argue that Mang has not alleged an ascertainable loss of money or property as a result of any alleged violation of CUTPA.[3] The plaintiffs also argue that, as the seller of the property, Mang may not assert a claim under CUTPA, because "only the customer may assert a CUTPA claim." (Plaintiffs' Motion to Strike, p. 1.) Mang contends that count three sets forth a legally sufficient cause of action under CUTPA.
General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Section 42-110g (a) provides in relevant part that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages."
The Connecticut Supreme Court has stated that "[t]he ascertainable loss reguirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief. . . . An ascertainable loss is a deprivation, detriment [or] injury that is capable of being discovered, observed or established. . . . [A] loss is ascertainable if it is measurable even though the precise amount of the loss is not known. . . . Under CUTPA, there is no need to allege or prove the amount of the ascertainable loss. . . . A plaintiff need not prove a specific amount of actual damages in order to make out a prima facie case [under CUTPA]. (Brackets in original; citations omitted; internal quotation marks omitted.) Service Road Corp. v. Quinn,241 Conn. 630, 638-39, 698 A.2d 258 (1997).
In count three of the counterclaim, Mang claims that "[a]s a result of CT Page 7683 the plaintiffs' conduct, [he has] suffered an ascertainable loss of money as set forth in Paragraph 13." (Counterclaim, Count 3, ¶ 19.) Paragraph thirteen incorporates by reference the allegations in paragraph thirteen of the fraud claim in count two, which states that" [a]s a result of the plaintiffs' action, the defendant has suffered emotional harm and upset and has incurred and will incur substantial sums for legal expenses and costs associated with defense of the [plaintiffs'] lawsuit" against him. (Counterclaim, Count 2, ¶ 13.) The court finds that these allegations are insufficient to satisfy the ascertainable loss requirement for bringing an action under CUTPA. See Rizzo Pool Co. v.DelGrosso, 232 Conn. 666, 684-85, 657 A.2d 1087 (1995); Printed CircuitsUnlimited, Inc. v. Sensor Switch, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288532 (October 23, 1996,Stevens, J.); Ross v. Company Store, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 115710 (October 1, 1991, Ryan,J.); Murphy v. McNamara, 36 Conn. Sup. 183, 195-96, 416 A.2d 170. Accordingly the plaintiffs' motion to strike count three of the counterclaim is granted.[4]
 CONCLUSION
For the foregoing reasons, the plaintiffs' motion to strike counts two and three of Mang's counterclaim and the corresponding prayers for relief is denied as to count two and granted as to count three.
SKOLNICK, J.