[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, PanAmSat Corporation, brings this action against defendants, Frontier Insurance Company (Frontier), NAC Reinsurance Corporation (NAC), and Millennium Television Network, Inc. (Millennium) alleging the following pertinent facts: on or about November 19, 1999, the plaintiff and Millennium entered into a broadcast services agreement (the agreement) for the plaintiff to provide services, materials and equipment to Millennium in connection with a worldwide live television broadcast (the broadcast) of 1999-2000 New Year's Eve celebrations. Millennium, as principal, and Frontier and NAC, as co-sureties, executed a payment bond for vendors who supplied materials and services to Millennium for the broadcast. The plaintiff alleges that pursuant to its agreement with Millennium, the plaintiff rendered services and provided materials and equipment to Millennium for the broadcast. Subsequently, the broadcast was cancelled and the plaintiff alleges that Millennium breached their agreement by failing to make payments as required under the agreement. The plaintiff made a formal demand under the payment bond which was rejected by Frontier. The plaintiff alleges that it has been damaged in that none of the defendants has paid the plaintiff the amounts due it for services, materials and equipment provided in connection with the broadcast and that therefore, the defendants have breached duties owed to the plaintiff as an obligee as well as a direct and intended third party beneficiary.
The plaintiff alleges the following causes of action: (1) failure to pay under a payment bond; (2) intentional and/or reckless misconduct; (3) a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.; and (4) breach of contract. The defendants Frontier and NAC (collectively, the defendants) now move to strike counts two and three of the plaintiff's complaint on the ground that they fail to state a legally sufficient cause of action. They also move to strike the portion of the prayer for relief asking for punitive damages and attorney's fees on the ground that the remaining allegations CT Page 9411 are legally insufficient to support these claims.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike." Practice Book § 10-39(a); see also Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). The court "[m]ust . . . take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 522-523, 753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
First, the court will address the defendants' motion to strike the plaintiff's second count which essentially alleges bad faith on the part of the defendants. The defendants argue that in this count the plaintiff has done nothing more than restate the claims from count one, alleging failure to pay, with an additional conclusory allegation of bad faith. The plaintiff responds that the allegations in count two are legally sufficient as the plaintiff has alleged bad faith as well as that the defendants acted in concert and in violation of their obligations.
"Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.)Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992). The plaintiff's allegations in count two state that the defendants acted in bad faith, and intentionally, willfully and/or in reckless disregard and in derogation of the plaintiff's rights under the payment bond. The plaintiff alleges further that the defendants were joint venturers and/or partners in the broadcast "and were aware of vendors relying on the Payment Bond to insure that they would be paid if Millennium defaulted on its agreements with vendors," and that "Frontier and NAC Re have acted in concert to reject valid claims under the Bond by vendors." Looking upon the allegations in a light most favorable to the plaintiff, the court finds that the plaintiff has set forth sufficient facts to allege a cause of action for bad faith. Consequently, the defendants' motion to strike count two of the plaintiff's complaint is denied. CT Page 9412
Next, the defendants argue that a simple breach of contract claim cannot serve as the basis for a CUTPA claim. Furthermore, the defendants claim that as they have not contracted directly with the plaintiff, but rather with Millennium, they have not breached any agreement with the plaintiff. The plaintiff responds that they are the intended beneficiaries of the defendants' agreement with Millennium and that a breach of contract claim may be the basis for a CUTPA claim.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-BradleyCo., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
"[T]o recover under CUTPA for a simple breach of contract, the plaintiff must show substantial aggravating circumstances intending to breach. Under [CUTPA] intent to deceive is not relevant. The fact that a deception occurred and injured others in a business is all that is required." (Internal quotation marks omitted.) Thames River Recycling,Inc. v. Gallo, 50 Conn. App. 767, 784, 720 A.2d 242 (1998). In count three, the plaintiff realleges the facts in count two sounding in bad faith. The plaintiff, however, further alleges that the defendants' conduct "constitutes unfair and deceptive acts in practices in trade or commerce in violation of [CUTPA]." Viewing the allegations of the complaint in a light most favorable to the plaintiff, the court finds that the plaintiff has alleged more than a simple breach of contract in that it has alleged that a deception occurred and it injured the plaintiff. (Complaint, count three, ¶¶ 18, 19, 20, 22.) The court finds, therefore, that count three of the plaintiff's complaint sufficiently alleges a CUTPA violation. See Greenwich Capitol FinancialProducts, Inc. v. Citicorp Mortgage, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 166269 (April 26, 1999, Mintz, J.) (court denied motion to strike CUTPA claim as plaintiff alleged that deception occurred and plaintiff injured). Consequently, the defendants' motion to strike count three of the plaintiff's complaint is denied. CT Page 9413
The court recognizes that a plaintiff may request punitive damages as a remedy when alleging claims of CUTPA and bad faith. See General Statutes § 42-110g(a); Gaiolini v. Harloc Products, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 280976 (October 26, 1990, Dorsey, J.) (court found that as plaintiff plead bad faith on part of defendant then complaint sufficiently set forth claim for punitive damages). The plaintiff's request for punitive damages and attorney's fees in its prayer for relief may stand.
In conclusion, the defendants' motion to strike counts two and three of the plaintiff's complaint, as well as the corresponding prayer for relief requesting punitive damages and attorney's fees, is denied.
So Ordered.
D'ANDREA, J.T.R.