[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Roy Abramowitz and Janice Abramowitz, bring this malicious prosecution action against the defendants, Patrick Burke and Virginia Burke (the Burkes), in counts two and three of their complaint, and against Boris Pogacnik and Tatjana Pogacnik in counts one, four and five. In counts two and three, the plaintiffs allege the following pertinent facts: in May of 1999, the Burkes falsely and maliciously gave a statement to officers of the New Canaan Police Department stating that Roy Abramowitz allowed his dog to bark excessively. The plaintiffs further allege that as a result of the false statements given to the police, Roy Abramowitz was prosecuted in Superior Court. Furthermore, the plaintiffs assert that as a result of the false statements, Roy Abramowitz was forced to pay legal fees, appear in court on numerous occasions as an accused criminal, endure extensive public humiliation, and suffer extreme emotional distress. The plaintiffs also allege that following a trial in Norwalk Superior Court, Roy Abramowitz was found not guilty. Moreover, the plaintiffs claim that the Burkes' actions were part of a continual pattern of intimidation and harassment against Roy Abramowitz. As a result of the Burkes' actions, the plaintiffs allege that Roy Abramowitz suffered damages.
The Burkes have moved (#102) to strike counts two and three of the plaintiffs' complaint on the ground that the plaintiffs have failed to allege all the necessary elements required to set forth a proper malicious prosecution claim. Additionally, the Burkes moved to strike the plaintiffs' corresponding prayer for punitive damages on the ground that punitive damages may not be awarded for a claim of malicious prosecution.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike." Practice Book § 10-39(a); see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). The court "[m]ust . . . take the facts to be those alleged in the complaint. and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 522-523, 753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere CT Page 13420 conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The Burkes argue that the plaintiffs have not alleged all the requisite elements of malicious prosecution. Specifically, the Burkes contend that the plaintiffs have not alleged that the Burkes: (1) procured the arrest of Roy Abramowitz; (2) acted without probable cause; and (3) acted with malice. As a result, the Burkes conclude that the plaintiffs have not set forth a legally sufficient claim upon which relief may be granted and, therefore, their motion to strike should be granted. The plaintiffs respond that they have alleged a legally sufficient cause of action for malicious prosecution.
"An action for malicious prosecution against a private person requires a plaintiff to [allege] that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." McHale v. W.B.S. Corp., 187 Conn. 444, 447, 446 A.2d 815
(1982).
The first issue is whether the plaintiffs alleged that the Burkes procured the arrest of Roy Abramowitz. In McHale v. W.B.S. Corp., supra,187 Conn. 449, the court ruled that: "It is conceded that a private person cannot escape liability if he knowingly presents information that is false; false information necessarily interferes with the intelligent exercise of official discretion." In counts two and three of the plaintiffs' complaint, the plaintiffs allege that the Burkes falsely and maliciously complained to New Canaan police officers that Roy Abramowitz "allowed his dog to bark excessively, "and that as a result of these false statements, Roy Abramowitz was prosecuted in Superior Court. Therefore, the plaintiffs have sufficiently alleged the first element of a malicious prosecution claim. They also have properly alleged a termination of the criminal proceedings in their favor.
The next issue is whether the plaintiffs alleged that the Burkes acted with malice. As previously discussed, counts two and three of the plaintiffs' complaint allege that the Burkes falsely and maliciously complained to New Canaan police officers. Thus, the plaintiffs have sufficiently alleged this element of a cause of action for malicious prosecution.
The next issue is whether the plaintiffs alleged that the Burkes acted without probable cause. "Probable cause is the knowledge of facts CT Page 13421 sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action." (Internal quotation marks omitted.) Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 708,746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). In the present case, the court is unable to find any allegation in counts two or three of the plaintiffs' complaint which alleges that the Burkes acted without probable cause. Therefore, even when viewing the allegations in a light most favorable to the plaintiffs, the plaintiffs have not alleged a legally sufficient cause of action for malicious prosecution, and the motion to strike the second and third counts directed against the Burkes is granted.[1]
So Ordered.
Dated at Stamford, Connecticut, this 26th day of September, 2001.
William B. Lewis, Judge T.R.