[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves the apportionment of damages between a negligent and an intentional tortfeasor. Before the court is the plaintiff's renewed motion to strike or, in the alternative, a motion for summary judgment. The plaintiff's motion is directed at the defendant's apportionment CT Page 13843 complaint, which the defendant filed against the apportionment defendant. The plaintiff is Autar Singh Bhinder, administrator of the estate of Baljit Singh Bhinder, deceased. Sun Company, Inc. (Sunoco) is the defendant and Raul Garcia is the apportionment defendant.
In a two count complaint, the plaintiff asserts causes of action for wrongful death against Sunoco and against Garcia. The following facts are alleged in the plaintiff's fourth amended complaint, filed on December 17, 1998. On November 22, 1995, the plaintiff was duly appointed administrator of the estate of the plaintiff's decedent. Sunoco is the owner of the premises located at 336 Main Avenue in Norwalk, a Sunoco service station and customer convenience center. Sunoco leased the premises to Nandu C. Patel and Sumitra N. Patel (the Patels), the franchisee/service station dealers. The Patels operated the premises pursuant to franchise agreements with Sunoco. The Patels, their agents and employees, operated the premises under the direct control and supervision of Sunoco. Pursuant to the terms of the franchise agreements, Sunoco required that the premises be operated twenty four hours a day, seven days a week, and the defendant supervised and designed the installation of all security provisions located on the premises. Prior to April 14, 1995, the premises had a history of criminal activity, which was within Sunoco's knowledge. In the eight months prior to April 14, 1995, an armed robbery, a break in and a theft, and a theft of a plow from a service station truck occurred during the night time hours at the premises.
The plaintiff's decedent was employed by the Patels to work on the premises. On April 14, 1995, the plaintiff's decedent was working the 6:00 p. m. to 6:00 am. shift. Sometime during those hours, Garcia entered the premises, and robbed and attacked the plaintiff's decedent. Garcia shot the plaintiff's decedent several times in the head and chest, and thereafter fled the premises. A deliveryman discovered the plaintiff's decedent on April 15, 1995, at approximately 5:45 a.m. The plaintiff's decedent died on April 15, 1995, as a result of the injuries inflicted by the gun shot wounds to his head and chest.
The plaintiff alleges that the events that occurred on April 14, 1995 were foreseeable and predictable. Thus, the plaintiff claims that Sunoco breached its duty of reasonable care and was negligent, in that it failed to do the following: fix a faulty cash drawer; design the premises in a manner that provided adequate security to the franchisees, their agents, employees, and customers; install adequate security measures and cameras; and properly secure a known criminally active franchise location. The plaintiff alleges that Sunoco's negligence was the proximate cause of the death of the plaintiff's decedent. Accordingly, the plaintiff seeks monetary damages and any other relief the court deems appropriate. CT Page 13844
On December 6, 1996, Sunoco filed a two count apportionment complaint against Raul Garcia, alleging that Garcia engaged in conduct that was reckless, and wilful and wanton and that, as a result of Garcia's conduct, the plaintiff suffered damages. The plaintiff then filed a motion to strike Sunoco's apportionment complaint against Garcia, alleging that General Statutes § 52-572h, the apportionment statute, specifically allows apportionment only for causes of action based on negligence. The court, Karazin, J., granted the plaintiff's motion to strike, reasoning that § 52-572h "applies only to negligence actions, [therefore] apportionment of fault . . . may only be accomplished between negligent parties." Bhinder v. Sun Co., Inc.,
Superior Court, judicial district of Stamford — Norwalk at Stamford, Docket No. 153767 (June 5, 1997, Karazin, J.)
Sunoco appealed this decision to the Appellate Court, and the Supreme Court transferred the appeal to itself pursuant to Practice Book §65-1, and ultimately reversed the judgment of the trial court in Bhinderv. Sun Co., Inc., 246 Conn. 223, 717 A.2d 202 (1998). The court concluded that General Statutes § 52-572h applies only to causes of action based on negligence and that neither the text or the legislative history of the section indicate that conduct other than negligence was included. Id., 231-34. However, the court conducted a further inquiry and determined that, as a matter of common law, apportionment of fault between negligent and intentional tortfeasors is permitted. Id., 243.
On May 27, 1999, the Connecticut state legislature, in response to the Supreme Court's decision, passed an amendment to General Statutes §52-572h to "take effect from its passage and [to] be applicable to any civil action pending on, or filed on or after August 11, 1998." Public Acts 1999, No. 99-69 § 2. Public Act 99-69 amends § 52-572h by adding subsection (o), which provides that "Except as provided in subsection (b) of this section, there shall be no apportionment of liability of damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute. . . ."
On December 29, 2000, in response to this amendment to the statute, the plaintiff filed the present renewed motion (#173) to strike or, in the alternative, a motion for summary judgment on Sunoco's apportionment complaint against Raul Garcia.[1] The plaintiff asserts that the Supreme Court's decision in the present case is no longer applicable in light of Public Act 99-69. Accordingly, the plaintiff argues that Sunoco's apportionment complaint against Garcia is legally insufficient and should be stricken. In response, Sunoco argues that Public Act 99-69 CT Page 13845 does not affect its apportionment complaint against Garcia because Sunoco has a vested right to seek apportionment of fault.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id.
"Prior to October 1, 1986, this state adhered to the rules of joint and several liability with no contribution among joint tortfeasors. This means that if the illegal conduct of each of the defendants was a proximate cause of the collision, they would be liable jointly and severally, the plaintiff would have a right to recover the entire amount of damages awarded from either, and, if he did so, the defendant paying them would have no right of contribution against the other; or the plaintiff might have sued either alone, and of course in the event of a recovery, that one would have been compelled to pay the entire amount of damages. (Citations omitted; internal quotation marks omitted.) Babes v.Bennett, 247 Conn. 256, 265, 721 A.2d 511 (1998).
In response to growing concerns that a defendant whose liability was comparatively small could be held liable for the entire amount of the plaintiff's damages if the defendant's conduct was the proximate cause of the plaintiff's injuries, the Connecticut state legislature enacted Tort Reform I and Tort Reform II, in 1986 and 1987, respectively. Bhinder v.Sun Co., Inc., supra, 246 Conn. 232-234. "[W]hile Tort Reform I provided that the jury, in determining the percentage of responsibility of a particular defendant, could also consider the entire universe of negligent persons, Tort Reform II limited this universe to only those individuals who were parties to the legal action or who were specifically identified in § 52-572h (n)." Donner v. Kearse, 234 Conn. 660, 668-69,662 A.2d 1269 (1995). CT Page 13846
General Statutes §§ 52-102b and 52-572h, parts of Tort Reform I and II, respectively, alter the common law rule and allow a defendant in a negligence action, to join other negligent defendants who may also be liable to the plaintiff. Section 52-102b, which allows for the joinder of parties in any civil action to which § 52-572h applies, provides in subsection (f) that it is "the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action. " "[Section] 52-572h is in derogation of common law." Card v. State,57 Conn. App. 134, 144, 747 A.2d 32 (2000). "While one of the purposes of the enactment of § 52-572h was to protect one codefendant from paying the entire judgment at the claimant's option, "[t]he legislative history of [Public Acts 1987, No.] 87-227 also indicates that the legislature intended to maximize the plaintiff's ability to recover damages from the parties whose negligence caused his injuries.'" Id.
On appeal of the trial court's decision granting the plaintiff's motion to strike in this case, the Supreme Court determined that General Statutes § 52-572h applies only to causes of action based on negligence and noted that neither the text or the legislative history of the statute "[evinced] an intent by the legislature to preclude the recognition of apportionment in a negligence action between negligent and intentional tortfeasors." Bhinder v. Sun Co., Inc., supra, 246 Conn. 235. The court then held that, as a matter of common law, "[i]t is consistent with principles of apportionment to permit the allocation of fault in a negligence action between a negligent and an intentional tortfeasor."[2]
Id., 243.
As stated earlier, the state legislature amended § 52-572h in response to the Supreme Court's decision in Bhinder v. Sun Co., Inc., The plaintiff arg ues that when the state legislature adopted Public Act 99-69, the Supreme Court's decision in the present case was no longer good law. The plaintiff contends that when the state legislature adopted Public Act 99-69, it did so with the purpose of clarifying General Statutes §52-572h and, therefore, it should be applied retroactively as provided in section 2 of the public act. In response, Sunoco argues that the Supreme Court's decision in the present case remains good law despite the adoption of Public Act 99-69. Sunoco contends that when the state legislature adopted Public Act 99-69, it did not affect Sunoco's right to apportionment because the Supreme Court recognized a common law right to apportionment and, thus, Sunoco has a vested right to pursue its apportionment complaint. Sunoco argues that although the state legislature provided in its amendment that the public act would apply retroactively, it cannot be so applied to the present case because the state legislature's intent in adopting the amendment was not to clarify but to change the nature of the rights granted by the statute. CT Page 13847
The Supreme Court recently restated the test for determining whether a legislative amendment to a statute is a clarifying amendment which applies retroactively, or rather an amendment that effects substantive changes and applies prospectively. Quarry Knoll II Corp. v. Planning Zoning Commission, 256 Conn. 674, ___ A.2d ___ (2001). "We have recognized a presumption that, in enacting a statute, the legislature intended to effect a change in the existing law. . . . Moreover, it should not be presumed that the legislature has enacted futile or meaningless legislation or that a change in a law was made without a reason. . . . The presumption that the enactment of a statute demonstrates a legislative intent to change existing law, however, may be rebutted by contrary evidence of the legislative intent in the particular case. . . . Although we have stated that subsequent amendments are generally irrelevant when determining legislative intent at the time of the enactment of the underlying bill . . . we have noted that an [a]mendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act . . . Therefore, whether the legislature intended to change or merely clarify existing law is critical to our decision on this issue." (Internal quotation marks omitted.) Id., 722. "`In order to determine whether an act should be characterized as clarifying legislation [with attendant retroactive effect], ' we look to the statutory language and the pertinent legislative history to determine the legislative intent." Id. "Another `factor [that] we have deemed to be significant in determining the clarifying character of legislation is that the legislation was enacted in direct response to a judicial decision that the legislature deemed incorrect.'" Id., 725.
Public Act 99-69 added subsection (o) to § 52-572h, and provides that apportionment of liability is only available between parties that are liable in negligence. The language of this public act specifically states that it applies to any civil action pending on, or filed on or after, August 11, 1998, the date that the Supreme Court officially released its opinion in Bhinder v. Sun Co., Inc.
The legislative history indicates that the primary purpose of amending General Statutes § 52-572h was to legislatively overrule the portion of Bhinder v. Sun Co., Inc., where the court determined that, as a matter of common law, liability can be apportioned between intentional and negligent tortfeasors. During the hearings on whether Public Act 99-69 should be adopted in the State House of Representatives and in the Senate, the legislators repeatedly emphasized that the purpose of the amendment was to clarify and to return the law to the way it was prior to the Supreme Court's decision in Bhinder v. Sun Co., Inc.[3] In addition, the state legislature's prompt response to the Supreme Court's CT Page 13848 decision indicates that it was attempting to clarify the law as it existed prior to the Supreme Court's decision. Quarry Knoll II Corp. v.Planning Zoning Commission, supra, 256 Conn. 725.
After the state legislature adopted P.A. 99-69, the Supreme Court has rendered two decisions, in which it construed the purpose and effect of the public act. Allard v. Liberty Oil Equipment Co.,[4] 253 Conn. 787,756 A.2d 237 (2000); Eskin v. Castigilia,[5] 253 Conn. 516, 753 A.2d 927
(2000). The Supreme Court's discussion on Public Act 99-69 in Allard v.Liberty Oil Co., is particularly insightful The court stated that "[t]he general effect of P.A. 99-69, § 1(o), was to make clear that the apportionment principles of § 52-572h do not apply where the purported complaint rests "on any basis other than negligence'. . . . The legislative history of P.A. 99-69 makes clear that its principle purpose was to overrule legislatively a portion of this court's decision inBhinder v. Sun Co. [Inc.,] 246 Conn. 223, 717 A.2d 202 (1998)." Id., 801. The court noted that "[t]he legislative response to Bhinder was prompt. . . . In doing so, it accomplished three purposes. First, the legislature reaffirmed that, as a matter of statutory interpretation, only negligent persons may be cited in as apportionment defendants pursuant to the statute. Thus, in this respect, P.A. 99-69 endorsed the corresponding statutory interpretation part of Bhinder. Second, the legislature made clear its intent that apportionment principles would not apply where the basis of liability of the purported apportionment defendant was based on conduct "other than negligence' including but not limited to intentional, wanton or reckless misconduct, strict liability, and liability pursuant to any cause of action created by statute. Thus,in this respect, the legislature made clear its intent to overrule thecommon-law portion of Bhinder. . . . Third, the legislature made clear its intent that, despite the specific bar to apportionment regarding statutory actions, liability may be apportioned among parties liable for negligence in statutory actions based on negligence, such as wrongful death actions and actions for injuries caused by state-owned motor vehicles." (Emphasis added.) Id., 803.
Similarly, in Eskin v. Castiglia, supra, 253 Conn. 529-530, the court noted that "in response to our decision in Bhinder, the legislature amended § 52-572h . . . by prohibiting the apportionment of liability between allegedly negligent tortfeasors and intentional or reckless tortfeasors, among others. Although Public Act 99-69, § 1, did not purport to eliminate the policy behind apportionment, this amendment to General Statutes § 52-572h suggests that the policy behind apportionment is limited by the specific statutory provisions governing its application. "
Based on the legislative history and the Supreme Court's decision in CT Page 13849Allard v. Liberty Oil Equipment Co., this court finds that Public Act 99-69 was adopted to clarify General Statutes § 52-572h, and not to effect substantive changes to General Statutes § 52-572h. Thus, Public Act 99-69 should be applied retroactively, in accordance with the language contained in § 2 of the public act. Furthermore, the court finds that § 52-572h is the exclusive means of apportioning liability among multiple tortfeasors liable in negligence; § 52-572h (f); and that apportionment of liability is not available under common law. Accordingly, the court finds that Sunoco is prohibited from apportioning liability between it and Garcia, an intentional tortfeasor. The plaintiff's motion to strike Sunoco's apportionment complaint is therefore granted.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of October, 2001.
William B. Lewis, Judge T.R.