[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Keenan Navarro Builders, Inc. (KNB), alleges that it furnished materials and rendered services in the construction of a single family home on the property owned by the defendants, Robert and Susan Breault, pursuant to a proposal dated June 7, 1999. KNB further alleges that the proposal was changed from time to time based on negotiations between the Breaults and KNB. On August 23, 1999, KNB began working on the construction of the Breaults' new home and ceased work on October 16, 2000. KNB claims that the total amount billed for the labor and materials furnished in the construction of the Breaults' home was $351,764.19 and the Breaults still owe $59,616.19.
On January 11, 2001, KNB filed a certificate of mechanic's lien with the town clerk of Killingly. KNB attached a copy of the proposal and the certificate of mechanic's lien to the complaint. The Breaults and the defendant, Sentry Select Insurance Company, gave a bond to KNB for the sum of $59,616.19, plus interest and attorney's fees, in substitution for the mechanic's lien pursuant to General Statutes § 49-37.
The Breaults filed a motion to strike the complaint on August 8, 2000, on the ground that it is legally insufficient and fails to state a claim upon which relief can be granted. The Breaults filed a memorandum of law in support of the motion to strike and KNB filed a memorandum in opposition to the motion to strike on August 22, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927
(2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted, internal quotation marks omitted.) Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental CT Page 16075 that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Id.
The Breaults argue that KNB failed to comply with the New Home Construction Act (NHCA), General Statutes §§ 20-417a through 20-417j. The Breaults contend that the NHCA requires a written contract and that KNB did not have a written contract. The Breaults also contend that KNB cannot enforce the provisions of the unsigned proposal because the proposal does not comply with the requirements of the NHCA.
KNB argues that the NHCA does not apply to this case because the NHCA was not in effect when KNB made its written proposal to the Breaults or when construction began on the Breaults' new home. KNB further argues that legislature did not include language that would allow retroactive application of the statute to new home construction commencing before October 1, 1999. KNB asserts that even if the court finds that the NHCA applies to this case, the NHCA does not bar recovery for supplies and material furnished in the construction of home when there is not a written contract.
General Statutes § 2-32 provides that "[a]ll public acts, except when otherwise therein specified, shall take effect on the first day of October following the session of the General Assembly at which they are passed, and special acts, unless otherwise therein provided, from the date of their approval." The NHCA was passed by Public Acts 1999, No. 99-246 on June 29, 1999. Therefore, the NHCA took effect on October 1, 1999.
"No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect." General Statutes § 55-3. "The obligations referred to in the statute are those of substantive law." (Internal quotation marks omitted.) Gil v.Courthouse One, 239 Conn. 676, 688, 687 A.2d 146 (1997). The Connecticut Supreme Court has "uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The legislature only rebuts this presumption when it clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." (Citations omitted; internal quotation marks omitted.) Id. "By contrast, procedural statutes generally are applied retroactively absent a clear expression of legislative intent to the contrary." (Internal quotation marks omitted.) Badolato v. NewBritain, 250 Conn. 753, 758, 738 A.2d 618 (1999).
The legislature enacted the NHCA in 1999 to "bring new home contractors CT Page 16076 under the same set of regulations, basically, as the home improvement contractors are especially with respect to the concept of having a Guarantee Fund set up." General Law Committee Hearings, Pt. 1, 1999 Sess., p. 12. The NHCA was intended to "extend all of the protections we currently provide to people who are victims of home improvement contractor fraud when they are victims of the same kind of fraud or simple aggravated negligence involving new home construction." General Law Committee Hearings, supra, p. 14.
Prior to the enactment of the NHCA, new home construction contractors were not regulated. Even if a consumer did bring a lawsuit, new home construction contractors could "claim bankruptcy and for $100 build again under a new name." General Law Committee Hearings, supra, p. 71. The NHCA requires new home construction contractors to register with the department of consumer protection (DCP) and pay a $120 dollar fee. General Statutes § 20-417b. Prior to entering into any contract for the construction of a new home, the contractor must present a certificate of registration as well as a written notice disclosing that the certificate of registration is not an endorsement of the contractor's work. General Statutes § 20-417d (a). The notice must also advise the consumer to contact the DCP to determine whether there are complaints against the contractor and the contractor's previous customers to inquire about the quality of the contractor's work. General Statutes §20-417d (a). The NHCA also establishes a new home construction guaranty fund from which a consumer may satisfy a court judgment against a contractor when the consumer is unsuccessful in attempts to obtain payment from the contractor. General Statutes § 20-417i. The new home construction contractors are required to contribute $480 biennially to the fund. General Statutes § 20-417i (b).
The commissioner of consumer protection is authorized to revoke, suspend, or refuse to issue a new certificate of registration when a contractor has violated any sections of the NHCA. See General Statutes § 20-417c. A contractor is also subject to criminal and civil penalties for violations of the act. General Statutes §§ 20-417e and20-417f. The NHCA further provides: "A violation of any of the provisions of sections 20-417a to 20-417i, inclusive, and subsection (b) of section20-421 shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b." General Statutes § 20-417g. Furthermore, pursuant to General Statutes § 20-417h, building officials are prohibited from issuing a contractor a building or construction permit "unless the contractor has presented to such building official the certificate of registration and registration number of the new home construction contractor."
"[L]egislation which limits or increases statutory liability has CT Page 16077 generally been held to be substantive in nature." (Internal quotation marks omitted.) Anderson v. Schieffer, 35 Conn. App. 31, 39, 645 A.2d 549
(1994). The NHCA affects a new home construction contractor's substantive rights because it imposes new obligations as well as penalties for failure to fulfill those obligations. Failure to comply with the NHCA may result in suspension or revocation of a certificate of registration, civil and criminal penalties, and liability under the Connecticut Unfair Trade Practices Act. The court concludes that the NHCA is substantive rather than procedural and, therefore, the court presumes that the legislature intended that the NHCA would apply prospectively only. Furthermore, there is "no "clear and unequivocal language' in the act . . . that would support a contrary inference in favor of retrospective application." Darak v. Darak, 210 Conn. 462, 468, 556 A.2d 145 (1989). Accordingly, the court concludes that the NHCA applies prospectively only.
The NHCA did not become effective until October 1, 1999, and KNB alleges that the proposal was dated June 7, 1999, and that work began on August 23, 1999. KNB was not required to comply with the NHCA when it began work on the Breaults' home because the events that form the basis of the present action occurred prior to the effective date of the act. Based on the foregoing analysis, the court denies the Breaults' motion to strike the complaint.
Kocay, J.