[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S AMENDED MOTION TO STRIKE
The plaintiff, John Martinelli, brings this action for damages against the defendant, attorney Jeffrey D. Ginzberg. This case arises out of a divorce proceeding in which the defendant represented the plaintiff's ex-wife. The plaintiff did not obtain representation during the dissolution and now appears before the court pro se.
The plaintiff's single count complaint alleged that the defendant was negligent in not forwarding him the closing documents regarding the sale of the marital home. On March 25, 2002, the defendant moved to strike the plaintiff's complaint because the defendant owed no duty to the plaintiff as counsel to the plaintiff's ex-wife in the divorce proceedings. The court, Holzberg, J., granted the motion on April 16, 2002. The plaintiff filed, however, an amended complaint alleging criminal negligence on April 5, 2002. The defendant did not object to the revised complaint and instead filed an amended motion to strike on April 9, 2002.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The court must "take the facts to be those alleged in the complaint. and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927
(2000). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts . . . are taken as admitted." (Citations omitted; internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260,765 A.2d 505 (2001). "Moreover . . . what is necessarily implied in an allegation need not be expressly alleged." (Brackets omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
In his amended complaint, the plaintiff alleges criminal negligence against the defendant. The plaintiff avers that the closing statement provided by the defendant incorrectly allocated money to the state. The closing statement also indicated that some of the plaintiff's proceeds from the sale of the marital home were used to pay his ex-wife's COBRA insurance. The plaintiff alleges, however, that his ex-wife never applied for COBRA insurance. The plaintiff further avers that the defendant CT Page 6981 confiscated some of the proceeds.
General Statutes § 53a-3 (14) provides: "A person acts with `criminal negligence' with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation . . . Criminal negligence is attributed to certain violations of the penal code involving the operation of motor vehicles and circumstances resulting in homicide or assault in the third degree. General Statutes § 53a-57, § 53a-58 and § 53a-61. A person may also be criminally negligent in the violation of the environmental protection statutes. General Statutes §§ 22a-175 and 22a-438.
A legally cognizable claim of criminal negligence requires a showing that the defendant owed the injured party a duty. State v. White,204 Conn. 410, 426, 528 A.2d 811 (1987).[2] The determination of whether a duty exists for negligence or criminal negligence is the same.Korik v. Park Royal of Bridgeport, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 89 258844 (July 16, 1992, Spear, J.) (7. C.S.C.R. 990-91 n. 2). The plaintiff has not submitted, nor is the court aware, of any authority establishing a cause of action sounding in criminal negligence under the particular circumstances of this case. Accordingly, the court agrees with Judge Holzberg's ruling that the defendant owed no duty to the plaintiff with respect to his representation of the plaintiff's ex-wife.
For the foregoing reasons, the defendant's amended motion to strike is granted.
WOLVEN, J.