[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AS TO MOTION TO DISMISS (#112)
On September 5, 2001, the plaintiff, Travelers Property Casualty Company (Travelers), filed a one-count complaint, with a return date of October 2, 2001, seeking subrogation against the defendant, Cormier Construction (Cormier). Travelers alleges that it was the insurance carrier for Windshire Terrace Condominium Association. (Complaint, ¶ 3.) Travelers further alleges that Windshire Terrace condominiums suffered severe water damage "as a result of burst pipes and valves due to improper protection of the plumbing and sprinkler system at the location." (Complaint, ¶ 6.) Travelers alleges that both the freezing and breaking of the pipes were caused by the negligence of Cormier. (Complaint, ¶ 8.)
Travelers subsequently cited in a second defendant, Crescendo of New England Building and Developing Corporation (Crescendo) by motion granted on December 17, 2001, Gilardi J., and service on December 29, 2001 of an amended two-count complaint, filed January 7, 2002, with a return date of January 15, 2002. The amended complaint added a second count seeking subrogation from the defendant, Crescendo. Travelers alleges, interalia, that Crescendo was the general contractor on the Windshire Terrace project and that the freezing of the pipes and the subsequent water damage resulted from the negligent omissions of Crescendo. (Amended Complaint, count two, ¶ 5, 8.)
On April 23, 2002, Travelers withdrew its count against Cormier. On May 29, 2002, Crescendo filed a two-count apportionment complaint against Fire Protection Testing, Inc. (FPT) and Atlas Air Conditioning Company (Atlas). Crescendo served its apportionment complaint upon FPT on May 15, 2002 and upon Atlas on May 20, 2002. All of these dates are uncontested, reflected in the court's file and relied upon by both counsel in their briefs.
On July 10, 2002, FPT filed a motion to dismiss the apportionment complaint against it on the ground that the court lacks subject matter CT Page 2210 jurisdiction. A memorandum of law in support of this motion was also filed.[1] On September 16, 2002 Crescendo filed a memorandum in opposition to FPT's motion to dismiss. The motion was taken on the papers at the motion calendar of October 21, 2002 and subsequently assigned to the undersigned.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process."Shay v. Rossi, 253 Conn. 134, 140, n. 8, 749 A.2d 1147 (2000). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter."Kizis v. Morse Diesel International, Inc., 260 Conn. 46, 51, 794 A.2d 498
(2002).
FPT moves to dismiss the first count of the apportionment complaint on the ground that the court lacks subject matter jurisdiction. FPT first contends that the 120-day time limitation of General Statutes § 52-102b
is mandatory and that failure to serve the apportionment complaint within that time period deprives this court of subject matter jurisdiction. FPT notes that the Superior Courts are split on this issue and cites the majority view in support of its position.
FPT then argues that the 120 days runs from the return date of the initial complaint in the case, which is the October 2, 2001 return date of Travelers' original complaint. It points out that Crescendo failed to serve its apportionment complaint within 120 days from that date, the apportionment complaint not being served until May 15, 2002. FPT closes by citing several superior court decisions for its claim that the return date of the initial complaint, not the amended complaint, triggers the 120-day period under § 52-102b.
Crescendo insists in opposition that the apportionment complaint was timely served within 120 days of the applicable return date so that the court does have subject matter jurisdiction. Crescendo posits that the statutory phrase "the plaintiff's original complaint" in § 52-102b
CT Page 2211 must mean the first complaint against the particular defendant who is bringing the apportionment complaint. Crescendo points out that it was not a party to the original action and only became a party when Travelers filed its amended complaint on January 7, 2002. Accordingly, contends Crescendo, Traveler's amended complaint is the original complaint for the purposes of § 52-102b and it timely served its apportionment complaint within 120 days from the return date of January 15, 2002 specified in Travelers' amended complaint. Crescendo further argues that the 120-day requirement of § 52-102b is not mandatory but directory, citing what it concedes is the minority position on this issue which divides the Connecticut Superior Courts.
"[Section] 52-102b . . . provides that th[e] section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to [General Statutes] section 52-572h for a proportionate share of the plaintiff's damages as a party to the action. General Statutes § 52-102b (f)." (Internal quotation marks omitted.) Eskinv. Castiglia, 253 Conn. 516, 523-24, 753 A.2d 927 (2000). Section 52-102b
(a) provides in relevant part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." (Emphasis added.)
"No Connecticut appellate court has decided whether the time limit in General Statutes § 52-102b is a mandatory requirement affecting jurisdiction. The Superior Court is split on the issue. The majority position in the Superior Court, however, is that the court lacks subject matter jurisdiction over the apportionment complaint when it has been filed more than one hundred twenty days after the return date." Lostrittov. Community Action Agency of New Haven, Superior Court, judicial district of New Haven, Docket No. CV 01 0452101 (August 21, 2002, Booth, J.) (32 Conn.L.Rptr. 738). But see, espousing the minority view, Vaillantv. City of Norwalk, Superior Court, judicial district of Norwalk-Stamford at Stamford, Docket No. CV 96 0150977 (August 14, 2000, Karazin, J.) (27 Conn.L.Rptr. 668) ("the requirement of § 52-102b (a) is directory and not mandatory"). After review, I find more persuasive the majority view that the 120-day requirement of § 52-102b is mandatory.
As to the question of whether the initial complaint, or a later complaint adding the defendant seeking to apportion, begins the 120-day period, I find the reasoning of three superior court decisions CT Page 2212 persuasive. I am persuaded by these superior court opinions that the 120-day time limit is triggered by the initial complaint in the file, so that the apportionment complaint at issue here is untimely. In NationwideInsurance Enterprises v. AG Development, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0362565 (July 23, 2001, Stevens, J.) (30 Conn.L.Rptr. 191), the trial court strictly construed § 52-102b and concluded that based on the clear and unambiguous language of the statute, the initial complaint is the original complaint pursuant to § 52-102b. Accordingly, the trial court dismissed the apportionment complaint because it had not been served within 120 days of the return date specified in the initial complaint. In both Cooksley v. City of New Britain, Superior Court, judicial district of New Britain, Docket No. CV 99 0498574 (April 2, 2001, Shapiro, J.) (29 Conn.L.Rptr. 631), and Bednaz v. Svrindland, Superior Court, judicial district of New Haven, Docket No. CV 042935 (June 12, 2000, Alander, J.) (27 Conn.L.Rptr. 438), the trial court similarly dismissed apportionment complaints brought more than 120 days after the initial complaint, rejecting arguments that the 120 days ran from the subsequent complaint which first brought the apportionment proponent into the case.[2]
The court finds that Crescendo's apportionment complaint was served more than 120 days after the return date of Travelers' initial complaint and that such complaint of September 5, 2001 is the original complaint under § 52-102b (a). The apportionment complaint therefore fails to comply with the mandatory requirements of § 52-102b. Accordingly, for the reasons set forth above, the court lacks subject matter jurisdiction of that apportionment complaint and FPT's motion to dismiss is granted.
James Graham
Superior Court Judge