[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE SUBJECT MATTER JURISDICTION
On March 7, 2001, the plaintiff, Dominic Balogh, filed the original two-count complaint against the defendant, Boehringer-Ingelheim Corporation (BIC), alleging negligence in the first count and recklessness in the second count. Balogh alleged that while painting a smokestack on Boehringer-Ingelheim's property he fell four stories due to a defective ladder. Balogh further alleged that BIC had a duty to maintain its property in a reasonably safe manner and free from any defects that could pose a threat of bodily injury. Docket number CV-01-0276094 was assigned to the complaint.
On July 5, 2001 Balogh filed a motion seeking permission to amend his complaint and cite in an additional party, Boehringer-Ingelheim Pharmaceuticals, Inc. (BIPI), which was granted on July 23, 2001, and assigned a return date of August 21, 2001, by the court, Booth, J. On August 13, 2001, Balogh filed that amended complaint, which added two additional counts against BIPI, also sounding in negligence and recklessness. The amended complaint, however, was mistakenly assigned a separate docket number, CV 01 0277949 instead of being placed in docket number CV-01-0276094. Thereafter, until May 28, 2002, two court files were maintained. On that date, the court, Gilardi, J., granted Balogh's motion to consolidate, ordered all papers "placed into the file containing the original action, CV-01-0276094" and dismissed the erroneously created file, CV 01 0277949.[1]
On July 26, 2001 BIC filed a two-count apportionment complaint against F.J. Dahill Company (Dahill), and Balogh's Painting Restoration Company (Balogh Painting), respectively. Balogh filed a motion to strike count one and a motion for summary judgment as to count two of BIC's apportionment complaint.
BIPI also filed an apportionment complaint on January 22, 2002, seeking apportionment from Dahill, Balogh Painting and, in a third count, Andrew Mezzi.[2] Service of this complaint was made on Mezzi on December 19, CT Page 3981-b 2001. On March 7, 2002, the apportionment defendant, Dahill, filed a motion to strike count one of the BIPI apportionment complaint. On March 19, 2002 Balogh filed a motion to strike counts one, two and three and a motion for summary judgment as to count two, of BIPI's apportionment complaint.
On March 19, 2002 the court, Skolnick, J., struck the first count and granted summary judgment against BIC on the second count of BIC's apportionment complaint. On April 8, 2002, the court, Skolnick, J., granted Dahill's motion to strike count one of BIPI's apportionment complaint. But on May 14, 2002, the court, Skolnick, J., denied Balogh's motion to strike addressed to BIPI's apportionment complaint.
Balogh moved to reargue said motion on June 5, 2002. On September 3, 2002, the court, Skolnick, J., vacated the denial of May 14, ruling that the March 19, 2002 decision as to BIC's apportionment complaint also controlled as to counts one and two of BIPI's apportionment complaint. The court also ordered reargument as to count three of BIPI's apportionment complaint, addressed to Mezzi.
After oral argument was heard as to Balogh's motion to strike count three of BIPI's apportionment complaint, further briefing and oral argument was ordered by the court, Graham, J., sua sponte, as to whether the court has subject matter jurisdiction over Mezzi.
The issue of whether this court has subject matter jurisdiction over BIPI's apportionment complaint can, of course, be raised by this court sua sponte. See Harvey v. Tarr, Superior Court, judicial district of Windham at Putnam, Docket No. CV 01 0066083 (February 19, 2002, Foley, J.) (31 Conn.L.Rptr. 469). "It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time." (Internal quotation marks omitted.) Kizis v. Morse Diesel International,Inc., 260 Conn. 46, 52, 794 A.2d 498 (2002).
The court must address whether it has subject matter jurisdiction over BIPI's apportionment complaint before it can rule on Balogh's motion to strike count three of the same. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997).
General Statutes § 52-102b (a), which authorizes apportionment complaints, provides in relevant part: "A defendant in any civil action CT Page 3981-c to which Section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called theapportionment complaint, shall be served within one hundred twenty daysof the return date specified in the plaintiff's original complaint." (Emphasis added.) "[Section] 52-102b . . . provides that th[e] section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to [General Statutes] Section 52-572h for a proportionate share of the plaintiff's damages as a party to the action. General Statutes § 52-102b (f)." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 523-24, 753 A.2d 927 (2000).
The original complaint, that of Balogh against BIC, had a return date of March 13, 2001. Mezzi was served with the apportionment complaint on December 19, 2001, more than nine months later. The question, in a nutshell, is whether that service violated General Statutes § 52-102b
(a) and thereby deprived this court of subject matter jurisdiction over Mezzi.
The initial inquiry must be whether the 120-day time limit of §52-102b is mandatory or discretionary. "No Connecticut appellate court has decided whether the time limit in General Statutes § 52-102b is a mandatory requirement affecting jurisdiction. The Superior Court is split on the issue. The majority position in the Superior Court, however, is that the court lacks subject matter jurisdiction over the apportionment complaint when it has been filed more than one hundred twenty days after the return date." Lostritto v. Community Action Agency of New Haven, Superior Court, judicial district of New Haven, Docket No. CV 01 0452101 (August 21, 2002, Booth, J.) (32 Conn.L.Rptr. 738). "The majority of trial courts interpreting General Statutes § 52-102b have held the requirements of General Statutes § 52-102b are mandatory, and failure to comply with those requirements deprives the court of subject matter jurisdiction and requires dismissal." Maenza v. Letis, Superior Court, judicial district of New Haven, Docket No. CV 01 0447124 (December 18, 2001, Zoarski, J.). See Carrano v. MJM Studios, Inc, Superior Court, judicial district of New Haven, Docket No. CV 99 0423267 (March 12, 2002, Thompson, J.) ("the plain language of § 52-102b (a) makes the 120-day period mandatory"); Harvey v. Tarr, supra, 31 Conn.L.Rptr. 469;Bednaz v. Svindland, Superior Court, judicial district of New Haven, Docket No. CV 990125935 (June 12, 2000, Alander, J.) (27 Conn.L.Rptr. 438);Ortiz v. Bridgeport Hospital, Superior Court, judicial district of New London, Docket No. CV 98 0547104 (February 24, 2000, Corradino, J.) (26 Conn.L.Rptr. 419); Everett v. Widlitz, Superior Court, judicial CT Page 3981-d district of New London, Docket No. 537562 (May 1, 1997, Booth, J.) (19 Conn.L.Rptr. 416); but see Apicelli v. C.R. Klewin, Inc., Superior Court, complex litigation docket of New London at Norwich, Docket No. X04 CV 99 0118348 (April 2, 2002, McLachlan, J.) (31 Conn.L.Rptr. 602) ("a clear reading of C.G.S. 52-102b in its entirety; i.e., subsection (a) and subsection (b) clearly contemplates that an apportionment complaint may be served timely beyond 120 days from the return day on the original complaint"); Vaillant v. City of Norwalk, Superior Court, judicial district of Norwalk-Stamford at Stamford, Docket No. CV 96 0150977 (August 14, 2000, Karazin, J.) (27 Conn.L.Rptr. 668) ("the requirement of § 52-102b (a) is directory and not mandatory"); Ketchale v. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 14, 1998, Levin, J.) (22 Conn.L.Rptr. 418) (holding that the time restrictions contained within § 52-102b are directory and not mandatory).
As detailed in a recent decision, Travelers Property Casualty Co. v.Cormier Construction, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 01 0278215 (February 14, 2003, Graham, J.) (34 Conn.L.Rptr. 88), I find persuasive the reasoning of those cases which hold the 120-day time limit of § 52-102b (a) to be mandatory.
BIPI has argued that the 120 days should be calculated, not from the initial complaint of March 7, 2001, but from the subsequent amended complaint which first made BIPI a party. That amended complaint had a return date of August 21, 2001, and Mezzi was served within 120 days of that date.
"As to the question of whether the initial complaint, or a later complaint adding the defendant seeking to apportion, begins the 120-day period, I find the reasoning of three superior court decisions persuasive. I am persuaded by these superior court opinions that the 120-day time limit is triggered by the initial complaint in the file, so that the apportionment complaint at issue here is untimely. In NationwideInsurance Enterprises v. A G Development, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0362565 (July 23, 2001, Stevens, J.) (30 Conn.L.Rptr 191), the trial court strictly construed § 52-102b and concluded that based on the clear and unambiguous language of the statute, the initial complaint is the original complaint pursuant to § 52-102b. Accordingly, the trial court dismissed the apportionment complaint because it had not been served within 120 days of the return date specified in the initial complaint. In both Cooksley v. City of New Britain, Superior Court, judicial district of New Britain, Docket No. CV 99 0498574 (April 2, 2001, Shapiro, J.) (29 Conn.L.Rptr. 631), and Bednaz v. Syrindland, CT Page 3981-e Superior Court, judicial district of New Haven, Docket No. CV 042935 (June 12, 2000, Alander, J.) (27 Conn.L.Rptr. 438), the trial court similarly dismissed apportionment complaints brought more than 120 days after the initial complaint, rejecting arguments that the 120 days ran from the subsequent complaint which first brought the apportionment proponent into the case."[3] Travelers Property Casualty Co. v. CormierConstruction, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 01 0278215 (February 14, 2003, Graham, J.) (34 Conn.L.Rptr. 88).
Finally, BIPI argues that because the amended complaint of August 2001 was mistakenly assigned a separate docket number by the clerk's office, it became an original complaint, triggering a new 120-day apportionment period. The court rejects this argument. The original complaint was and remains the complaint of March 7, 2001. The record is clear that the complaint of August 2001 was an amended complaint, subsequent to the original complaint of March 2001, specifically authorized by court order and part of the same action that was initiated in March 2001. A mere filing error by a clerk cannot undo the reality that this was not plaintiff's original complaint. As BIPI stated in its motion to consolidate, dated March 22, 2002, "these two cases are really one case."
Because the apportionment complaint of BIPI was not served within 120 days from the return date of the original complaint, the court lacks subject matter jurisdiction over it, and it is dismissed. The motion to strike the third count of such apportionment complaint is moot.
 James Graham Superior Court Judge